Parker, C. J.,
delivered the opinion of the Court.
The defendant, being a creditor of Bradford, received from him while abroad a bill of exchange, and a letter accompanying it, requesting him to receive the amount of the bill, pay the plaintiff 200 dollars, and pass the residue to the credit of Bradford. The defendant presented the bill of exchange, and received the amount when due; but refuses to pay over the 200 dollars to the plaintiff, according to his instructions from Bradford; contending that as the whole sum received by him was less than the amount of * Bradford’s debt to him, he had a right to apply it [*579 ] towards the payment of that debt.
The principal objection to the plaintiff’s right of action is, that the case does not show any privity between the plaintiff and the defendant, nor any promise to the defendant; so that, if any action can be maintained, it must be by Bradford against the defendant, for a violation of his implied undertaking to pay the 200 dollars, according to his instructions.
*468 It seems to have been well settled heretofore that if A promises B, for a valuable consideration, to pay to C, the latter may maintain as sumpsit for the money. It is so laid down in many of the authori ties cited by the plaintiff’s counsel; and it is stated in Lord C. B Comyns’s Digest, Assumpsit E, that if money be given to A, to deliver to B, B may have the action ; and Roll. Air. and Hard. Rep. are cited in support of the position.
The principle of this doctrine is reasonable, and consistent with the character of the action of assumpsit for money had and received. There are many cases in which that action is supported without any privity between the parties other than what is created by law. Whenever one man has in his hands the money of another, which he ought to pay over, he is liable to this action, although he has never seen or heard of the party who has the right. When the fact is proved that he has the money, if he cannot show that he has legal or equitable ground for retaining it, the law creates the privity and the promise.
This doctrine appears not to have been disputed until the case of Williams vs. Everett, cited by the counsel for the defendant. That case differs materially from the one now before us, as will be seen by comparing the two together. In that case there was a positive refusal of the agent to act according to the orders of the person who remitted the money; except so far as to receive the contents of the bill. The difficulty was to establish an implied promise against an express denial. In the case at [ * 580 ] * bar there was no refusal; but the orders were received and acted upon in every thing but paying the plaintiff, and there was an apparent acquiescence in the orders of Bradford.
It has been urged that as the defendant was a creditor of Bradford to more than the amount of the bill; and as he had a right to attach his property, or summon his debtors as trustees, he would of course have a right to apply any of his money which came to his hands to the payment of his own debt. But he is to be con sidered as having accepted an agency, and as undertaking to per form what was requested of him in the letter covering the bill; and he could not have the right to follow his instructions so far as to receive the money, and to disobey them as to its application. If he had refused to act under the letter, he might have attached the debt in the hands of the drawee of the bill; or, if the money had come into his hands without any implied contract on his part to appropriate it to any particular use, he might have retained it without any breach of trust. But this bill came to him for the purpose of paying Hall out of the proceeds, in pursuance rf i *469 promise of Bradford to remit to him; and his liability is the same as if Bradford had inclosed a bank note to him, requesting him to deliver it to Hall; which would be. considered as a payment by Bradford when he sent the note, if Hall chose so to consider it. It would, in that case, be Hall’s money, and he could maintain an action for it, if it were not paid over, without any promise on the part of the defendant to Hall.
If, upon his receipt of the letter and bill of exchange, the defendant had informed Hall, and at the same time declared his intention to keep all the money to himself, the case would look better for him; for then Hall might have taken other measures to obtain his debt. But the silence of the defendant, and his receiving the contents of the bill, must be construed to be an assent to pursue his instructions, and to receive the money for Hall as well as for himself, *so that when it was paid him, 200 dol- [ * 581 ] lors was legally Hall’s money, and was afterwards improperly converted by the defendant to his own use..
For these reasons, it is the opinion of the Court that, upon the facts in this case, the plaintiff is legally as well as equitably entitled to judgment (6).

 [Vide Arnold & Al. vs. Lyman, ante 400.—Ed.]