## ALICE C. EARLE *vs.* WILLIAM M. BICKFORD & another.

One who has undertaken to sell a part of the estate of an insolvent debtor, as assignee thereof, but who, by reason of a want of jurisdiction in the judge of insolvency who assumed to act in the case, had no authority to do so, in consequence of which the title failed, is liable to the purchaser in an action of assumpsit for the money received by him as the price thereof, with interest from the date of the writ; and no previous demand is necessary. But such action cannot be maintained by one to whom the purchaser has subsequently conveyed the premises.

CHAPMAN, J. This action is brought to recover back money which the plaintiff alleges she paid to the defendants as the price of certain factories and machinery which they undertook to sell as the assignees in insolvency of Henry D. Stone. The property was sold at auction, and was bid off by Alexander De

Witt, and the defendants made their deed to him. But in respect to one fourth part he acted as agent for the plaintiff; and in respect to another fourth part he sold his interest in it to her a few days afterwards. The defendants' deed, which bears date July 26, 1858, describes them as " assignees of the estate of Henry D. Stone of Worcester, an insolvent debtor," and quitclaims " all our right, title and interest in and unto " the property described, " meaning and intending hereby to convey all the estate we have in and unto the premises as assignees as aforesaid, and all the right, title and interest which the said Stone had therein on the tenth day of February now last past, being the date of the first publication of proceedings in insolvency against him." But the defendants were mistaken in supposing that they had authority to act as assignees of Stone in insolvency, for want of jurisdiction in the judge of the court of insolvency who acted in the case. *Grafton Bank* v. *Bickford,* 13 Gray, 564. And subsequently new proceedings in insolvency were instituted against Stone, under which other assignees were chosen, who conveyed the premises to another person, who has commenced suits to recover possession of the same.

The deed of the defendants was a mere quitclaim, and the general doctrine is, that the grantee who takes such a deed cannot recover back the consideration money in case of a failure of the title; but that doctrine does not apply to this case. If the title fails for want of authority in the person who makes the deed to act in the capacity in which he professes to act, the consideration may be recovered back. *Shearer* v. *Fowler,* 7 Mass. 31. *Williams* v. *Reed,* 5 Pick. 480. *Dill* v. *Wareham,* 7 Met. 438. *Holden* v. *Curtis,* 2 N. H. 61. In the first case cited, the defendant's wife had made the deed as his attorney without legal authority. In the second case, the person sought to be charged as trustee of the defendant had conveyed the land as guardian to the defendant under a license of the probate court, but had not given the bond or taken the oath required by law, and therefore had no authority to sell. In the third case, the defendants without authority transferred to the plaintiff a right to take oysters within certain limits. The present case

cannot be distinguished from these; and the principle is a just one, because every one who presumes to act ought to be responsible for the validity of his authority to act.

The case of *Dill* v. *Wareham* is an authority to the point that no prior demand was necessary in order to maintain the action, and that interest is to be recovered from the date of the writ.

But in this action the plaintiff can only recover the sum which she paid to the defendants through De Witt as her agent. In respect to that sum, the defendants dealt with her through him. She can therefore recover of them, in her own name, the money which she paid to them through him. But as to the part which she purchased of De Witt, she took only an equitable interest as to the defendants. It was like the purchase of an account or other claim not negotiable. In such cases, the court has gone very far in protecting the equitable right of the purchaser to the use of the seller's name, for the recovery of the claim. But the objection to her recovery in her own name is, that the legal title to the claim did not pass to her.

*Judgment for plaintiff accordingly.*

*D. Foster & T. L. Nelson,* for the plaintiff, in addition to cases cited in the preceding case, cited *Hall* v. *Marston,* 17 Mass. 579; *Jefts* v. *York,* 10 Cush. 392; S. C. 12 Cush. 196; *Collen* v. *Wright,* 8 El. & Bl. 647; *Dill* v. *Wareham,* 7 Met. 438, 447; *Lent* v. *Padelford,* 10 Mass. 230; *Lawrence* v. *Carter,* 16 Pick. 12; *Knapp* v. *Lee,* 3 Pick. 452.

*F. H. Dewey,* for the defendants.