Peyser agt. Wilcox.

## N. Y. COMMON PLEAS.

### FREDERICK M. PEYSER agt. GEORGE WILCOX.

*Principal and agent — Employment of attorney by agent — Right of the principal to proceeds of collection made by attorney.*

Where a claim is made by a third party, to money in the hands of an attorney or agent, he is not bound to pay the amount claimed to his principal, unless he is protected against the claim. He must interplead the principal and the claimant, if he can, or he must demand idemnity,

and deliver the property to the party who indemnifies him ; but if after a notice of a claim by a third party he pays over the money to his client, he becomes liable, if the claimant has a right to the money. The reasons stated.

*General Term, May*, 1882.

*Before* DALY, *C. J.*, VAN BRUNT *and* BEACH, *JJ.*

APPEAL from an order of the general term of the marine court, reversing a judgment directed at trial term thereof, by Mr. justice McADAM.

*Scudder & Carter* and *George N. Black*, for plaintiff appellant.

*H. B. Kinghorn*, for defendant respondent.

DALY, *C. J.* — The judgment of the special term was erroneously reversed.

The instrument given by Le Baron shows that the note was received by him from Anthony for collection, and that all sums collected for principal and interest were to be paid to the plaintiff; and that he was entitled to an assignment from Anthony of any judgment, if one should be obtained. It appeared by the evidence that the explanation of this provision in respect to the assignment, was that the plaintiff did not want to bring a suit upon the notes in his own name, if any suit was to be brought; and that Le Baron told him he would bring the suit in Anthony's name, after which Le Baron signed the instrument, and the note was left with him.

There was nothing in the instrument to show that any amount was to be received by Le Baron for collection. The instrument shows that the note was left with him " for collection by law." Le Baron put it in the hands of the defendant, as attorney, who had a suit brought upon it, in Anthony's name, and recovered judgment, which the defendant collected. He had a lien upon the judgment for his fees, in respect to which there was no dispute, and which were allowed him,

the judge on the trial, instructing the jury that the plaintiff was entitled to recover, less the fees of the defendant, in accordance with which instruction, they found a verdict only for $662.49.

After the amount was collected upon the judgment the plaintiff called upon the defendant, who admitted that he had collected the money; and upon the plaintiff asking him for it, the defendant told him to get an order from Le Baron and that his (the defendant's) charges would be $100, with which charges the plaintiff was satisfied; and the plaintiff left an order with the defendant not to pay the money over to Le Baron. The plaintiff attempted to get an order from Le Baron, but did not succeed, but Le Baron gave notice to the defendant that he claimed to be the owner of the judgment, and made a motion in the court below to compel the defendant to pay the amount collected to him; which motion was opposed by the defendant and by the plaintiff in this action; and in which motion it was decided that upon Anthony's (the plaintiff in the judgment) executing a bond, to be approved by the court, indemnifying the defendant against any damage he might sustain by reason of any claim made for the money and against any judgment the plaintiff in this suit might obtain against him, that he should pay the amount collected to Anthony, which he did.

This being the state of facts, the plaintiff was entitled to recover. The case is not substantially different from *Sims* ᵃagt. *Brown* (6 *T. & C. Supr. Ct.*, 5), in which it was held that where a claim is made by a third party to money in the hands of an attorney or agent, he is not bound to pay the amount claimed to his principal, unless he is protected against the claim; that he must interplead the principal and the claimant, if he can, or he must demand indemnity, and deliver the money to the party who indemnifies him; but, if after notice of a claim by a third party, he pays over the money to his client he becomes liable if the claimant has a right to the money, the law being well settled, as was stated by

SPENCER, J., in *Hearsey* agt. *Prime* (7 *Johns.*, 181) that an action may be sustained against an agent who has received money to which the principal has no right, if the agent has had notice not to pay it over to him ; and in *Hall* agt. *Marston* (17 *Mass.*, 579) it was said that whenever one man has in his hands the money of another, which he ought to pay over, he is liable to an action of assumpsit although he has never seen or heard of the party who has the right. The money, in this case, by the directions of the marine court, was paid over to Anthony, the plaintiff in the judgment ; Anthony giving a bond of indemnity to the defendant for his protection, and upon this bond the defendant must rely, for it clearly appeared by the instrument itself and the evidence on the trial that neither Le Baron nor Anthony, in whose name the judgment was obtained, had any claim to the moneys collected by the judgment upon the note, which, when collected, was to be paid to the plaintiff.

The general term, it would seem, from the opinion delivered, regarded *Hoover* agt. *Greenbaum* (61 *N. Y.*, 305 ; and 91 *U. S., Otto*, 308), as a direct authority for holding that an action cannot be maintained against a sub-agent by the owner of a note left with an agent for collection, who employed the sub-agent by whom the note was collected, and who paid over the amount of the note to his principal after notice of the owner's claim, and a demand by him of the moneys collected. I find nothing in that case, or that can be deduced from it, to warrant such a conclusion. The point determined in the case was whether the owner of a claim which had been collected was answerable for the acts of an agent employed by the collecting agency to whom the owner had transmitted the claim for collection. The attorney employed by the collecting agency, with the knowledge of the debtor's insolvency, obtained a confession of judgment from him, and thereby secured a preference in fraud of the bankrupt act, of which proceeding the owner of the claim knew nothing. The action was by the assignees in bankruptcy to recover from the owners the

Peyser agt. Wilcox.

amount collected, upon the ground that the knowledge of the sub-agent of the debtor's condition was their knowledge, and that they are answerable for his acts in obtaining the confession of judgment. It was held that the rule that the knowledge of the agent is the knowledge of the principal was not applicable to such a case; that there was no such relation as principal and agent between the owners and the agent of the collecting agency as could, by construction, charge the owners with the knowledge that the sub-agent had of the insolvent circumstances, or make them responsible for his acts in obtaining a confession of judgment in fraud of the bankrupt act; which is a very different question from the liability of the defendant in this case, to the one for whom, in fact, the note was collected, after notice that the money collected belonged to him, and where, after this notice, it was paid by the defendant to the plaintiff in the judgment, he being indemnified against any loss or injury for so doing.

It further appears, from the opinion delivered, that the general term thought that this action could not be maintained against the defendant, because there was not "any privity of contract between plaintiff and defendant in the transaction;" whereas it is the law that if the one who claims money is entitled to it, and the one in whose possession it is has no legal or equitable ground for witholding it from him, there is an implied assumpsit, the law creating the privity and the promise (*Hall* agt. *Marsh*, 17 *Mass.*, 579).

The judgment of the general term should be reversed, and that of the special term affirmed.

VAN BRUNT and BEACH, JJ., concurred.