[Filed May 14, 1891.]

## T. G. BOWICK ET AL. v. C. S. MILLER.

EVIDENCE — RECORD OF PRIVATE CORPORATION — SECONDARY EVIDENCE OF CONTENTS.— Before a party can give secondary evidence of the contents of the records of a private corporation, he must show that he cannot produce the original in a reasonable time and with reasonable diligence.

IDEM—JUDGMENT AND EXECUTION — PAROL EVIDENCE.—The existence of a judgment or execution cannot be proven by parol, but only in the manner provided in section 730, Hill's Code.

Baker county: JAMES A. FEE, Judge.

Plaintiffs appeal. Reversed.

*M. L. Olmsted,* for Appellants.

*W. B. Gilbert,* for Respondent.

BEAN, J.—This is an action to recover possession of personal property, both parties claiming title. In November, 1889, the property in controversy belonged to the Eastern

Oregon Gold Mining Company, an English corporation operating mines in Baker county. The plaintiff J. R. Bowick being the general manager of the company, undertook to sell the property to his co-plaintiff, T. G. Bowick, and one Parsons, who were directors of the company, and he now claims to have succeeded by purchase to Parsons' interest in the property.

In order to prove the authority of J. R. Bowick to make the sale to his brother and Parsons, plaintiffs on the trial offered in evidence what purported to be a copy of the record of a meeting of the directors of the mining company held at the Monumental mine on July 25, 1889, appointing him general manager with power to buy and sell supplies and machinery at his own discretion. No attempt was made to account for the original record, except that the books of the company and secretary's office were in London; but whether the record of the meeting of the directors held at the mine in July, 1889, when Bowick was appointed general manager and authorized to sell the property of the company, was at the London office, does not appear.

By section 691, Hill's Code, it is provided that "there shall be no evidence of the contents of a writing other than the writing itself, except in the following cases, * * * when the original cannot be produced by the party by whom the evidence is offered in a reasonable time, with proper diligence, and its absence is not owing to his neglect or default." The record before us does not disclose that any effort whatever was made to procure the original record; and until the diligence required by law is shown, secondary evidence of its contents is not admissible. The fact, if it is a fact, that the original may be in the possession of a person without the jurisdiction of the court, does not excuse a reasonable effort by the party by whom the evidence is offered to procure the original. ( *Wiseman* v. *North Pac. R. R. Co.* 20 Or. 425; 23 Am. St. Rep. 135.)

The next assignment of error is that the defendant was permitted to prove by parol, under plaintiffs' objection, the

judgment and execution under which he claims title. It needs no authorities or argument to show that such testimony was clearly incompetent and should not have been admitted. The defendant was claiming title as a purchaser at a sheriff's sale under an execution issued on a judgment by him recovered against the mining company. The existence of such judgment or execution could not be proven by parol, but only in the manner prescribed in section 730, Hill's Code.

Reversed and new trial ordered; costs to abide the final result.