Argued 6 July, decided 7 August, 1905.

### MOSS MERCANTILE CO. *v.* FIRST NAT. BANK.

82 Pac. 8; 2 L. R. A. (N. S.) 657.

PRINCIPAL AND AGENT— PAYMENT UNDER SUPERIOR TITLE.*
1. An agent or attorney having authority to collect and remit money is not estopped by his agency from showing that the money did not belong to the principal and that he has paid it to a claimant under a paramount title.

RESTRAINING ACTIONS AT LAW— ADEQUACY OF LEGAL REMEDY.
2. Whether money collected by an attorney or agent on a judgment, and paid over to another, belonged to the latter, or to the principal, is an issue determinable in a law action that may be brought by the principal against the agent to recover the money; and the one to whom the money was paid cannot sue in equity to enjoin such a law action, and procure a determination of the issue in that manner.

From Malheur: George E. Davis, Judge.

Statement by Mr. Justice Bean.

This is a suit by the Moss Mercantile Co. against the First National Bank of Payette, Idaho, to restrain the prosecution of an action at law brought by the defendant bank against William Miller to recover money collected by him on a judgment in favor of Helmick and against Porter.  The facts, as they appear from the record, are substantially that in April, 1903, Helmick recovered a

---

*Note.— See a large collection of authorities on this subject in a note to this case in 2 L. R. A. (N. S.) 657.— Reporter.

judgment against Porter for $2,930.22. Miller was the attorney for Helmick in such action, and knew that plaintiff had or claimed an interest in the judgment and the fund to be derived therefrom. On the 27th of the month the judgment was assigned by Helmick to the defendant bank, and Miller was notified by it of such assignment, and directed to collect the money on the judgment and make remittance, less his fees. On June 29 Miller collected the amount due, acknowledging satisfaction thereof by signing the name of Helmick and of the bank by himself as attorney ; but, while he was preparing to remit, the plaintiff asserted title to the money and demanded its possession, and Miller, thinking the bank was acting for the plaintiff, paid it over accordingly. The bank then brought an action against him to recover the money so collected, and the plaintiff commenced this suit to enjoin the prosecution of such action. In its complaint it alleges that, at the time of the assignment of the judgment by Helmick to the bank, he was indebted to it about $4,000, and had given it an order on Porter for the money due from the latter ; that the bank knew of such indebtedness and order at the time of the assignment, and such assignment was made and received without consideration and for the express purpose of cheating and defrauding the plaintiff out of the money on such judgment, and the action at law is prosecuted by the bank for the same purpose; that Miller was one of the attorneys for Helmick in the action brought by him against Porter, and knew of the indebtedness of Helmick to the plaintiff, and of the order referred to, and was instructed by Helmick, at the time the judgment was recovered, to collect the same, and pay the proceeds, less his fees, to the plaintiff; that he thereafter collected the judgment, and, believing that the bank, in taking the assignment, was acting only for the plaintiff, indorsed satisfaction thereof on the record, and signed the name of the

bank by himself as attorney, but without the intention of acting for the bank other than for the benefit of the plaintiff. A demurrer to the complaint for want of equity was overruled, and the defendant answered, denying some of its allegations, but asking for no affirmative relief. The case was tried on the testimony, and plaintiff had a decree, from which the defendant appeals.   Reversed.

For appellant there was an oral argument by *Mr. William Rufus King*, with a brief over the names of *W. R.* · *King* and *W. H. Brooke*, to this effect.

I. The injunctive process should be very cautiously used to stay an action at law before judgment, and where the defense can be made at law as well as it can be made in equity, which is the case here, the parties should be left to the law remedy: *Sargent* v. *Ohio & M. R. Co.* 1 Handy, 452; *Chadwell* v. *Jordan*, 2 Tenn. Ch. 636; *Normandin* v. *Mackey*, 38 Minn. 417 (37 N. W. 954); *Pennoyer* v. *Allen*, 50 Wis. 308 (6 N. W. 887); *Sheldon County* v. *Mayers*, 81 Wis. 627 (51 N. W. 1082); *Commercial Bank* v. *Fire Ins. Co. of Phila.* 84 Wis. 12 (54 N. W. 110).

II. The plaintiff here does not need and cannot demand affirmative relief in equity: *Gardner* v. *Buckbee*, 3 Cowp. 120 (15 Am. Dec. 256); *Doty* v. *Brown*, 4 N. Y. 71 (53 Am. Dec. 350); *Warner* v. *Trow*, 36 Wis. 195; *Lawrence* v. *Milwaukee*, 45· Wis. 306; *Pennoyer* v. *Allen*, 50 Wis. 308 (6 N. W. 887); *Sheldon County* v. *Mayers*, 81 Wis. 627 (51 N. W. 1082); *Taylor* v. *Matteson*, 86 Wis. 120 (56 N. W. 829); *Wolf River Lum. Co.* v. *Brown*, 88 Wis. 638 (60 N. W. 997); *Morse* v. *Marshall*, 97 Mass. 522; *Babcock* v. *Camp*, 12 Ohio St. 11; *Beloit* v. *Morgan*, 74 U. S. (7 Wall.) 619 (19 L. Ed. 205).

For respondent there was an oral argument by *Mr. James Heber Richards*, with a brief over the names of *William Miller* and *Richards & Haga*, to this effect.

Where, through fraud, accident or mistake such an advantage will be gained in an action at law as will render it an instrument of injustice, and it is against conscience to allow the action to proceed, equity will interfere by injunction: 1 Spelling, Extr. Relief, § 38; 1 High, Inj. § 47; 16 Am. & Eng. Enc. Law, 365, 367; *Chicago, M. & St. P. Ry. Co.* v. *Pullman P. C. Co.*, 49 Fed. 409; *Seager* v. *Cooley*, 44 Mich. 14 (5 N. W. 1057); *Oconto County* v. *Lundquist*, 119 Mich. 264 (77 N. W. 950); *De Moss* v. *Economy F. & C. Co.* 74 Mo. App. 117; *Farwell* v. *Great Western Teleg. Co.* 161 Ill. 522 (44 N. E. 891); *Cantoni* v. *Forster*, 12 Misc. 376 (33 N. Y. Supp. 645); *Tyler* v. *Hammersly*, 44 Conn. 419 (26 Am. Rep. 479); *Catholic Bishop* v. *Chiniquy*, 74 Ill. 317.

MR. JUSTICE BEAN delivered the opinion of the court.

It is difficult to understand upon what theory plaintiff can maintain this suit. The right of a court of equity to enjoin an action at law, either by an original suit, or a complaint in the nature of a cross-bill, when the defense is purely of equitable cognizance, or the complainant cannot have full relief at law, is an old and familiar head of equity jurisprudence. The books are full of cases of that kind, but usually the suit is brought by the defendant in the law action, and not by a stranger to the proceedings, unless the cause of suit arises out of some relationship of the plaintiff in such action to the plaintiff in the suit: *McCullough* v. *Abescom Land Improv. Co.* (N. J.), 10 Atl. 606; *Fisher* v. *Lord*, Fed. Cas. No. 4821; *Ferguson* v. *Fisk*, 28 Conn. 501. In this case the plaintiff is not a party to the action sought to be enjoined, and the cause of suit does not grow out of any relationship or dealings between the bank and the plaintiff. It is not apparent, therefore, what right the plaintiff has to interfere in the law action for the purpose of making a defense, either legal or equitable, for Miller. The nature and character of the defense, if any,

to be made in the law action, is for Miller to determine, and there is no suggestion that he is not capable of doing so.   But assuming that a stranger may bring a suit to enjoin the prosecution of an action at law against another for want of a defense thereto, such a suit can only be maintained when the defense at law is inadequate: 16 Am. & Eng. Enc. Law (2 ed.), 365.   "Where a court of law can do as full justice to the parties," says Mr. Pomeroy, "and to the matter in dispute, as can be done in equity, a court of equity will not stay proceedings at law.   Equity will not restrain a legal action or judgment where the controversy would be decided by the court of equity upon a ground equally available at law, unless the party invoking the aid of equity can show some special equitable feature or ground of relief; and, in the case assumed, this special feature or ground must necessarily be something connected with the mode of trying and deciding the legal action, and not with the cause of action or the defense themselves": 4 Pomeroy, Equity (3 ed.), § 1361.

1. Now, under the facts as here claimed by the defendant, Miller's relationship to it was that of a mere agent or attorney to collect and remit the amount due on the Helmick judgment; and while the general rule is that an agent who receives money for his principal is estopped to deny the title, and must return or account for the money to him for whom he received it, this rule does not prevent an agent, when sued by his principal, from showing that he has been divested of the property by a title paramount to that of his principal, or that he has paid over the money or property to one holding such a title: 1 Clark & Skyles, Agency, § 431; Mechem, Agency, § 525; *Peck* v. *Wallace*, 19 Ala. 219; *Peyser* v. *Wilcox*, 64 How. Prac. 525; *Sims* v. *Brown*, 6 Thomp. & C. 5; s. c., affirmed 64 N. Y. 660.   The rule in such case is practically the same as that governing the relation of bailor and bailee, and surrendering to a

paramount title is a good defense: *Western Transp. Co.* v. *Barber*, 56 N. Y. 544; *Burton* v. *Wilkinson*, 18 Vt. 186 (46 Am. Dec. 145). Miller is therefore not estopped by reason of his relationship to the defendant bank to set up and prove in the action brought by it against him, if he can, that the money in fact belonged to the plaintiff, and that he paid it over on demand prior to the commencement of such action.

2. The point in controversy is whether the money collected by him belonged to the defendant or to the plaintiff. If it was the property of the bank, Miller is liable to it, but if it belonged to the plaintiff, and he paid it over upon demand, such payment will be a complete defense to the law action. These are questions properly triable at law, and according to the procedure applicable thereto. We are of the opinion, therefore, that there is no equity in plaintiff's proceeding. The decree is reversed, and the complaint dismissed.          REVERSED.