Argued 5 November, decided 11 December, 1906.

## FIRST NATIONAL BANK *v.* MILLER.

87 Pac. 892.

APPEAL AND ERROR—BRIEFS—ASSIGNMENT OF ERROR.

1. Supreme Court Rule 32, subd. b (35 Or. 605), requiring appellant to serve a brief containing a concise statement of the errors on which he relies, is satisfied by a substantial compliance therewith.

SAME.

2. Where an assignment of errors in a brief stated that the court erred in giving, over objection and exception, certain instructions setting them out in distinct paragraphs containing but a small part of the entire charge, and not indicating the language complained of under separate assignments, the supreme court will not be so technical as to hold that if either of the parts of the charge so generally expressed correctly stated the law the entire assignment would be unavailing.

BEST EVIDENCE—WAIVER.

3. By admitting that a writing offered in evidence is a correct copy of a public record, the requirement of the original or a certified copy is waived.

POWER OF ATTORNEY—RIGHT OF REVOCATION.

4. Though a power of attorney expressly states that the appointment is irrevocable and confers power of substitution, it is not an estoppel on the grantor to revoke it unless the assignee has a material interest under the appointment.

AMBIGUITY—PAROL EVIDENCE.

5. A statement in an assignment of a judgment that the assignor appoints the grantee its irrevocable attorney with power of substitution creates a doubt as to the intent of the assignment, rendering the instrument ambiguous and tending to show that the transfer was made for some purpose without designing to vest an interest in the assignee, so that it is permissible for the assignor to testify what interest was intended to be conveyed.

From Malheur: GEORGE E. DAVIS, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by the First National Bank of Payette, Idaho, a corporation, against William Miller, to recover money. The facts are that the defendant, who is an attorney at law, commenced an action in the circuit court of Malheur County for one Henry Helmick against one O. W. Porter, and on April 11, 1903, recovered therein the sum of $2,930.22, including costs and disbursements.   Sixteen days thereafter Helmick assigned the judgment to the plaintiff herein by an instrument appointing such corporation his irrevocable attorney with power of substitution, which transfer was immediately filed with the clerk of such court, and Miller notified thereof.   Miller on June 29, 1903, collected the judgment, retained the sum of $200

as his fees, and paid the remainder to the Moss Mercantile Company, Limited, pursuant to Helmick's direction, and conformable to a previous writing of which the following is a copy:

"Payette, Idaho, October 30, 1900.

Mr. O. W. Porter, you are hereby authorized and directed to pay over to Moss Mercantile Company, Limited, all moneys which you are now owing me.      Henry Helmick."

This action was thereupon commenced, the complaint stating that Miller, as the attorney of the plaintiff herein, received to its use the sum of $2,730.22, which, upon a demand therefor by it, he refused to pay, and praying for the recovery thereof with interest. Thereafter the Moss Mercantile Company commenced a suit against the bank to enjoin the maintenance of this action, and such proceedings were had that the suit was dismissed: *Moss Mercantile Co.* v. *First Nat. Bank,* 47 Or. 361 (82 Pac. 8, 2 L. R. A. (N. S.) 657.)

The answer herein denies the material allegations of the complaint, and avers that Miller paid out the money believing that the assignment of the judgment to the plaintiff herein was in the interest of the Moss Mercantile Company, to discharge the order hereinbefore mentioned. It is further alleged that the plaintiff herein took an assignment of the judgment without any consideration therefor, agreeing to collect the sum so awarded as Helmick's agent, without compensation for its service. The allegations of new matter in the answer were denied in the reply, and, the cause having been tried, judgment was rendered as prayed for in the complaint, from which Miller appeals.

REVERSED.

For appellant there was a brief over the names of *William Miller in pro. per.,* and *Richards & Haga,* with oral arguments by *Mr. James Heber Richards* and *Mr. O. O. Haga.*

For respondent there was a brief over the name of *King & Brooke,* with an oral argument by *Mr. William Rufus King.*

MR. JUSTICE MOORE delivered the opinion of the court.

At the threshold we are confronted with a motion to affirm

the judgment, on the ground that the errors relied on for a reversal are not specified with sufficient certainty, and that the bill of exceptions violates the provisions of the statute (B. & C. Comp. § 171), by including therein matters not necessary to an explanation of the alleged assignments of error. This cause having been tried at Pendleton, the appellant was required to serve a brief containing a concise statement of the errors on which he relied: Subd. b, rule 32 of the Supreme Court (35 Or. 587, 608). The assignments stated in Miller's brief are to the effect that the court erred in not permitting a certain witness to be cross-examined on matters within the issues, respecting which he had testified on his direct examination, setting out the questions asked. Seven other assignments in relation to the rejection of testimony and evidence are also noted in a similar manner. It is further stated in the brief mentioned that the court erred in giving certain instructions, setting out the exact language complained of, consisting of six paragraphs grouped under one heading of assignment, occupying two pages of the brief, and forming only a small part of the charge given. Four pages of the bill of exceptions are devoted to a history of the case of *Helmick* v. *Porter,* 22 to the rejection of testimony and evidence, and the remaining 23 to the court's statement of the issues involved, and the instructions deemed applicable thereto.

1. Reasonable latitude must be granted to counsel for the appellant in the statement of exceptions and in the preparation of a bill thereof, and because counsel for the adverse party or an appellate court might possibly condense the matters thus expressed, affords no valid reason for dismissing an appeal, where, as in the case at bar, there has been a substantial compliance with the provisions of the statute and of the rules of this court.

2. Where the assignment states that the court erred in giving, over objection and exception, certain instructions, setting them out in distinct paragraphs, containing only a very small part of the entire charge, and not indicating the language complained of under separate assignments, to hold that if either of the parts of the charge, so generally expressed, correctly stated

the law applicable to the case, the other assignments would be unavailing, would, in our opinion, be too technical. The motion to affirm the judgment will, therefore, be denied.

3. Considering the case on its merits, the bill of exceptions shows that one of the counsel for the plaintiff herein, having been called as Miller's witness, testified that Exhibit E, introduced in evidence in the case of *Moss Mercantile Co.* v. *First Nat. Bank,* 47 Or. 361 (82 Pac. 8, 2 L. R. A., N. S. 657), and published at page 32 in the brief of the defendant therein, was a correct copy of the original, which had been sent with the transcript of that cause on appeal to this court. Miller's counsel, referring to such original, thereupon inquired: "Do you know whether it has been returned or not?" An objection having been interposed, the witness replied: "I don't think it is material, and I decline to answer it." Q. "I just ask you if you know?" An objection to this question on the ground that it was incompetent, irrelevant and immaterial, having been sustained, no exception was taken to the action of the court in this respect. Thereafter Miller's counsel offered in evidence the copy of such exhibit that had been identified in the manner indicated. An objection to its admission on the ground, *inter alia,* that it was not the best evidence, having been sustained, an exception was allowed. The copy referred to is as follows:

"Payette, Idaho, April 27th, 1903.

Mr. Henry Helmick,
                Payette, Idaho.
Dear Sir:

The assignment of the judgment against O. W. Porter in Malheur County, Or., for $2775.00 and $120 costs, we have entered for collection, proceeds of which when collected shall be subject to your order.

Yours truly
                P. A. Devers, Cashier."

The bill of exceptions further discloses that the person writing that letter was the officer so represented of the plaintiff herein. The statute, regulating the admission of evidence, contains the following provison:

"The original writing shall be produced and proved except as provided in Section 703:" B. & C. Comp. § 771.

"There shall be no evidence of the contents of a writing, other than the writing itself, except in the following cases: (3) When the original is a record or other document in the custody of a public officer:" B. & C. Comp. § 703.

It will be remembered that the case of the *Moss Mercantile Company* v. *First Nat. Bank,* was a suit in equity, and, a final decree having been rendered therein, the judge trying the cause was required to identify all the exhibits (B. & C. Comp. § 827), and, an appeal having been taken on the merits, the transcript brought up such matters to this court, where, in cases of that kind, they thereafter remain, constituting a judicial record (B. & C. Comp. § 741), which could have been proved by the production of the original or by a copy thereof certified by the clerk of this court and attested by his official seal: B. & C. Comp. § 742. The object of requiring the production of a copy authenticated in this manner is to identify a document which is in the custody of a public officer, so that it may be received in evidence, and though a judicial record cannot, over objection and exception, be proved by parol (*Bowick* v. *Miller,* 21 Or. 25, 26 Pac. 861), such record can be established by a writing the identity of which is acknowledged without objection, as in the case at bar, by counsel for the adverse party who was authorized thus to speak for his client: 16 Cyc. 1024. The production of the best evidence, as stated in the objection to the admission of the letter referred to, was therefore waived.

4. The introduction of such evidence was also objected to on the further ground that it was irrelevant, incompetent and immaterial. It must be admitted that Helmick's assignment of the judgment to the plaintiff herein, without reservation or qualification, would have transferred to it, as between the parties hereto, all his right thereto. Though the assignment expressly appointed the bank Helmick's irrevocable attorney with power of substitution, the stipulation to that effect did not prevent him from rescinding such authority, unless it was coupled with an interest, independent of a compensation for the collection of the sum awarded: Tiffany, Agency, 157; *Frink* v. *Roe,* 70 Cal. 296 (11 Pac. 820); *MacGregor* v. *Gardner,* 14 Iowa,

326; *Blackstone* v. *Buttermore,* 53 Pa. 266. The letter which was offered in evidence having stated that the proceeds of the Porter judgment when collected should be subject to Helmick's order, the writing, if genuine, tended to show that the plaintiff herein had no interest in the money, except possibly an anticipated commission for its collection, which is not such a part thereof or claim thereto as to prevent a cancellation of the power before it had been executed, on the ground that the agent has an adequate remedy for the recovery of the damage sustained, for when the principal parts with his rights to the subject-matter before the agent has executed the power, it is in law a revocation of the authority: *Gilbert* v. *Holmes,* 64 Ill. 548. The letter was, therefore, material and competent, and an error was committed in excluding it.

5. A certified copy of the assignment of the judgment having been offered in evidence, Helmick, as a witness for the defendant herein, was asked: "What, if any, interest has the First National Bank of Payette, Idaho, in that judgment?" An objection on the ground that the question was incompetent, irrelevant and immaterial, and calling for the opinion of the witness on one of the issues of the case, having been sustained, an exception was allowed. As between the parties to an assignment of a chose in action, no consideration is necessary to its validity: *Dawson* v. *Pogue,* 18 Or. 94 (22 Pac. 637, 6 L. R. A. 176); *Gregoire* v. *Rourke,* 28 Or. 275 (42 Pac. 996). This rule rests upon the principle that a person who is *sui juris* may make such disposition of his property as he pleases, provided no person except himself is injured thereby. If the assignment executed by Helmick was intended absolutely to transfer his interest in the judgment to the bank, no necessity existed for a declaration in the instrument of any authority, irrevocable or for a limited period, to collect the money so awarded, for the right to do so would necessarily follow as an incident of the power conferred. The statement that the bank was appointed attorney, etc., casts a doubt upon the intent of the assignment rendering the instrument ambiguous, and tending to show that the transfer was made for some particular purpose without a design of vesting

in the assignee an interest in the judgment. This uncertainty in the instrument, evidencing the assignment, renders parol testimony admissible to explain the ambiguity, and as Helmick is the assignor, and presumed to be competent to state what interest he intended to transfer, if any, the court erred in not permitting him to answer the question asked.

It follows from these considerations that the judgment is reversed, and a new trial ordered.    ·    REVERSED.

Decided 18 December, 1906.