Argued October 26, affirmed November 24, 1914.

## FRENCH & CO. *v.* HALTENHOFF.

(144 Pac. 480.)

**Mortgages—Foreclosure—Pleading—Variance.**

1. In a suit on a note and to foreclose the mortgage securing same, proof that plaintiff held the note as collateral security was not at variance with an allegation of the pleading that he owned same; a pledge of commercial paper duly indorsed to plaintiff transferring to it the legal title thereto and the title to the note carrying with it the title to the mortgage.

**Assignments—Assignee of Chose in Action—Right to Sue—Proof of Consideration.**

2. The assignee of a chose in action may recover thereon in his own name without proving a consideration for the assignment.

**Appeal and Error—Scope of Review—Issues not Presented Below.**

3. In an assignee's action on a purchase money note and to foreclose the mortgage securing same, a contention that the assignor was

a fictitious corporation used by plaintiff to promote a scheme to put land on the market, whereby defendant was defrauded to his damage, could not be considered, when presented for the first time in defendant's brief on appeal.

[As to writs of error, their scope and effect, see note in 91 Am. Dec. 193.]

**Bills and Notes—Assignee of Purchase Money Note—Setoff.**

4. In an assignee's action on a note transferred to plaintiff in 1910 and evidencing the purchase price of land, and to foreclose the mortgage securing same, a judgment obtained by the defendant against the assignor in 1913, for damages for breach of covenants in the deed to the land, could not be set off against plaintiff, where plaintiff was not the real party in interest in the deed.

[As to demands which will support claims for setoff, see note in 12 Am. Dec. 152.]

**Marshaling Assets and Securities—Right to Relief.**

5. Where, in an assignee's action on a note held as collateral and to foreclose the mortgage securing same, it appeared that defendant held a judgment against the assignor and that plaintiff had in its possession certain other securities belonging to the assignor, defendant was not entitled to a marshaling of such securities when it did not appear that plaintiff's claim against them had matured so that his paramount lien could be fully protected.

From Wasco: WILLIAM L. BRADSHAW, Judge.

In Banc.    Statement by MR. JUSTICE EAKIN.

This is a suit by French & Company, a corporation, against George Haltenhoff and Frances Haltenhoff, to collect a note and foreclose a mortgage securing the payment of the same. The note is for the sum of $3,000, dated November 22, 1910, due on or before five years from date, and made payable to the Washington-Oregon Investment Company. The note was indorsed for the investment company by its president and secretary. A transfer of the note and mortgage is denied in the answer, and the defendants pleaded that the note and mortgage were a part of the consideration to the investment company for tracts Nos. 9 and 10 in the Fruitland Park Addition to Dalles City, being part of a tract owned by the investment company; that in the deed the investment company covenanted that for two

years it would cultivate, spray and care for the trees on said land and put water thereon; that the investment company failed to fulfill its said covenant; and that on the 23d day of October, 1913, defendants obtained a judgment for damages against the investment company for the said breach of covenant in the sum of $2,365, and seeks by this answer to offset the said judgment against the said note; further alleging that plaintiff holds the said note and mortgage in trust for the investment company and subject to said offset. Upon the trial a decree was rendered in favor of the plaintiff, and the defendants appeal.    AFFIRMED.

For appellants there was a brief over the names of *Mr. Walter C. Winslow* and *Mr. Francis V. Galloway,* with an oral argument by *Mr. Winslow.*

For respondent there was a brief and an oral argument by *Mr. William H. Wilson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1, 2. Defendants urge that the plaintiff having alleged that it is the owner of the note, and the proof showing that it acquired it as collateral security, there is a variance from the pleading; that, the investment company having no title to the note and mortgage, it could not maintain this suit. A pledge of commercial paper duly indorsed to the plaintiff transfers to it the legal title thereto, and the title to the note carries with it the title to the mortgage. This has been recognized as the law in Oregon in *Gregoire* v. *Rourke,* 28 Or. 275 (42 Pac. 996); *Dawson* v. *Pogue & Nickell,* 18 Or. 94 (22 Pac. 637, 6 L. R. A. 176); *First Nat. Bank* v. *Miller,* 48 Or. 587 (87 Pac. 892); 22 Am. & Eng. Ency. Law,

p. 894; 31 Cyc. 885 (E). The assignee of a chose in action may sue thereon in his own name, and a consideration for the assignment need not be proved.

3. The second contention is that the plaintiff is not an innocent holder of the note and mortgage; that the investment company is not a *bona fide* corporation, but merely a paper corporation used by plaintiff to promote a scheme to put the land owned in the name of the corporation on the market. But we do not find such fact from the record. There is no such issue tendered by the answer, nor does the proof establish it. The proof shows that plaintiff furnished $11,500 to the investment company, which was paid upon the purchase price of the land, and took the note and mortgage mentioned in this case as collateral security for the repayment thereof. If defendants desired to hold the plaintiff liable for his damages on the original contract by which it purchased tracts 9 and 10, issues of that character should have been tendered. Such a contention is first made in defendants' brief, but is not sustained by the record.

4. Defendants further allege that whatever interest the plaintiff has in and to said note and mortgage was taken by the plaintiff with full knowledge of the covenants in said deed and with full knowledge that the same had not been performed; that the plaintiff is not the owner and holder thereof, but is in possession of the same as a trustee for the investment company, and along with the said note and mortgage is in possession of divers other and different securities and property belonging to the investment company and is holding them as such trustee; that the said note and mortgage are subject to defendants' judgment; and that plaintiff as such trustee has been fully authorized by the invest-

ment company to credit the defendants with the amount of said judgment on said note and mortgage. But there is no suggestion in defendants' answer that the investment company is incorporated for the benefit of the plaintiff, that its property is held by it for plaintiff, or that the plaintiff is liable for its debts. The judgment was obtained on the 23d day of October, 1913, and the note and mortgage were transferred to plaintiff on December 23, 1910, as collateral security for a loan to the investment company of $11,500 made on that date. When so transferred to plaintiff, it had no notice of any defense thereto or of said judgment, and, unless plaintiff was shown to be the real party in interest in the said deed made by the said investment company to the defendant, the judgment cannot be offset against plaintiff in this suit, and any proof offered in relation thereto is incompetent.

The third point raised by defendants is that the plaintiff should not be permitted to sue on the mortgage in question without crediting thereon the amount of said judgment, namely, $2,365; but, as already suggested, the defendants have not pleaded or proved such a state of facts as will entitle them to such a credit.

5. At the argument the defendant Haltenhoff made the contention that he was in a position to ask for the marshaling of the securities held by plaintiff; but no case is made in the answer or proof calling for such relief. The party asking for such relief can have it enforced only when the paramount lienor is fully protected, and that can usually be accomplished only when his claim is matured, at which time the securities can be enforced and his claim first satisfied. There is nothing shown in regard to these matters, and they cannot be considered. In any event, the junior lien

creditor can be protected by subrogation, and in some cases that may be the only remedy: See 26 Cyc. 938.

There being no error disclosed in the record, the decree is affirmed.                                    AFFIRMED.