JOEL W. TILLMAN, Respondent, v. L. W. BUN-
GENSTOCK, Appellant.

Kansas City Court of Appeals, December 24, 1914.

1. **SALES: Vendor and Vendee: Title to Rent Crop.** The vendee
of land rented by the vendor for one-third of the crop, becomes
the owner of the vendor's interest in such crop, he having
purchased before the crop was matured.

2. ————: **Agent: Paramount Title: Notice to Agent.** An agent
with notice of the paramount claim of a third party to money
collected for the principal, is liable to the third party if he
refuses to pay to him, notwithstanding he may pay to the
principal.

3. ————: **Interpleader: Indemnity.** An agent who finds him-
self confronted with the claim of a third party to money which
he has collected for his principal, may, in proper case, require
that they interplead; or he may demand indemnity from one
or the other of the parties.

4. ————: **Subagent: Principal Agent.** The rule of law that
an agent who pays to the principal, money collected for him
after notice from a third party of a paramount title is liable
to such third party, applies to a subagent paying to the principal
agent.

Appeal from Atchison Circuit Court.—*Hon. Wm. C.
Ellison,* Judge.

AFFIRMED.

*Hunt, Bailey & Hunt* for appellant.

(1) Parties necessary to settlement of contro-
versy may be made defendants. Sec. 1732, R. S. 1909.
(2) Attornment to stranger is void, except in certain
cases. Sec. 7885, R. S. 1909. (3) The rule is general
that an agent who discloses the name of his principal
to the person with whom he is dealing, incurs no per-
sonal responsibility to such persons on account of the
transaction. Martin v. Allen, 125 Mo. App. 641.

*James F. Gore* for respondent.

(1) Where a jury is waived, and the cause is submitted to the trial court without any declaration of law being asked or given, the judgment should be sustained on appeal if there is any substantial evidence in support of the finding on the facts, and if any theory of law will support the judgment. Winfrey v. Mathews, 174 Mo. App. 713. (2) No privity of contract between plaintiff and defendant necessary. Richardson v. Moffit West Drug Co., 92 Mo. App. 515; Johnson Brinkman Co. v. Central Bank Co., 116 Mo. 558; Railroad v. McLiney, 32 Mo. App. 166; Tamm v. Kellog, 49 Mo. 118.

ELLISON, P. J.—Plaintiff's action is money claimed to belong to him as the proceeds of sale of rent corn. He recovered judgment in the trial court.

One Robinson, a non-resident, owned some farm land in Atchison county and, through his agent Cockburn, rented it to one Morrow for one-third of the crop. Cockburn himself did not live in Atchison county, his residence being in St. Joseph, Missouri, and he engaged the defendant to keep an oversight of the leased premises and to sell the rent crop when it matured. In the month of August, during the tenancy of Morrow and while the crop (corn) was yet not matured, Robinson sold the premises to Leidigh and he, in the same month, sold them to plaintiff. These deeds were recorded and Morrow and this defendant otherwise knew of the sale. Morrow gathered the rent corn and, under defendant's direction, delivered it to a grain buyer who gave to defendant a check for the price, $114.54, and the latter endorsed and sent the check to Cockburn at St. Joseph. Plaintiff claimed to be entitled to the rent and both the tenant Morrow and the defendant knew it; so that the fact is that defendant paid the money (endorsed the check) over to Cockburn know-

ing it was claimed by plaintiff who had become owner of the land. We have omitted some unnecessary detail of statement, believing the foregoing will be sufficient for the application of the law which governs the case.

When plaintiff bought the land and received a deed thereto, without reservation, he became the owner of that part of the growing crop due to his vendor as rent. A deed without reserve conveys the vendor's interest in the land and this will include his interest in the crop. [Stevenson v. Hancock, 72 Mo. 612; Reed v. Swan, 133 Mo. 100; Hayden v. Burkemper, 101 Mo. 644; Salmon v. Fewell, 17 Mo. App. 118; Vogt v. Cunningham, 50 Mo. App. 136; Fischer v. Johnson, 51 Mo. App. 157; Watson v. Menteer, 59 Mo. App. 387.] By act of the Legislature (Laws 1893, p. 210, now Sec. 2841, R. S. 1909), the statute was so amended as to protect the interest of the tenant in the crop sown after the mortgage. [Walton v. Fudge, 63 Mo. App. 52.] But this did not affect the interest of the landlord owner of the land, and undoubtedly this plaintiff in purchasing the land acquired the interest of Robinson the vendor landlord in the crop.

But this leaves the question whether an agent who collects for, and pays, money to a principal and before paying it over to him is notified by one having a paramount title, is liable to the latter. In this State the relation between a principal and his agent is held to estop the latter from denying an accounting to the principal in an action between them. [Witman v. Felton, 28 Mo. 601.] But where a third party has paramount title to the money in the hands of the agent and notifies the latter of his claim, if the agent nevertheless pays the principal, he is liable to the true owner. [Moss Merc. Co. v. Bank, 47 Ore. 361, 82 Pac. 8.] This rule is said to be sustained by the great weight of authority. [Case Note 2 L. R. A. (N. S.) 657; Sims v. Brown, 6 N. Y. (Sup. Ct.) 5. Affirmed 64 N. Y. 660.]

In the last case it is said: "The general rule, doubtless, is that an agent cannot dispute the title of his principal to property intrusted to him by the latter, but that principle does not apply to a case where a claim is made by a third person to the property. In such case the agent must interplead the principal and claimant if he can, or he must demand indemnity, and deliver to the party who indemnifies him. He is not compelled to yield to the claim of the principal without an effort to protect himself against the claims of third persons. And if he has delivered the property to his principal without notice of the claims of others thereto, he is protected against such claims to the extent of the delivery." It is said in 27 Cyc. 869, B, that, "An action for money had and received may be sustained against an agent who has received money to which the principal has no right, if the agent has had notice not to pay it over." See, also, 1 Mechem on Agency, sec. 1457 and 2 Clark & Skyles on Agency, sec. 600. The statement is made in many of the authorities on the subject, that an agent finding himself in the predicament of a claimant contending with his principal, may, in some instances, ask an interpleader, or, if not, that he be indemnified.

We are not unmindful of the fact that in defendant paying the money to Cockburn, he was acting in the capacity of a subagent paying to the principal agent. But that cannot prevent application of the law we have just stated. His liability arose, not for paying the money to a person to whom it did not belong; but, properly speaking, the wrong he committed and the liability he incurred, was in refusing to pay to plaintiff, the true owner.

The jugdment is affirmed. All concur.