## MOORE v. KIRKLAND.

[72 South. 855.]

1. FRAUDS, STATUTES OF. *Promise to pay debt of another. Contracts. Right of action. Promise to pay third party.*

Where R gave K an order for money, under a promise to pay M, to whom R was indebted, a part of it, such promise of K was not a promise to pay the debt of another, within the statute of frauds.

2. SAME.

In such case M could sue on the promise of K in his own name although the promise was communicated to M by R alone.

APPEAL from the circuit court of Clarke county.

HON. J. L. BUCKLEY, Judge.

Suit by J. A. Moore against J. K. Kirkland. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. A. Anderson* and *J. D. Fatheree,* for appellant.

This case is analogous to *Lee* v. *Newman* in 55 Mississippi page 365, as in the case cited appellant was attempting to show that appellee, Kirkland, in order to obtain the order from Kervin Robinson, agreed to pay for appellant, J. A. Moore, one hundred dollars which the said Kervin Robinson was due the appellant Moore for borrowed money.

In the language of the court as in the case cited: "The main purpose and object of Kirkland, appellee, is not to answer for another, but to subserve some purpose of his own" and that purpose was to get the order from the said Kervin Robinson.

If the court had allowed the question to appellee Kirkland on cross-examination: "You did have a settlement with Kervin Robinson about two years ago?" it is likely that appellant could have elicited from the witness, Kirkland, the fact of his obligation to pay Moore one hundred dollars due him by Kervin Robinson in order to obtain from the said Kervin Robinson the order on the Robinson estate, but the court sustained appellee's objection to same and in this we think the court erred.

The appellant could have clearly shown by both the witnesses Kervin Robinson and Kearney Robinson that appellee Kirkland in order to obtain the order on the Robinson estate and in consideration of same agreed with the said Kervin Robinson to pay to the appellant Moore, the said debt of one hundred dollars due Moore by Robinson, but the court refused to allow defendant to make this proof and in this we think the court erred.

We think this case should have gone to the jury on the question as to whether appellee Kirkland obligated

himself to Robinson to pay Moore the debt of one hundred dollars.

It is a case that is clearly not within the statute of frauds.

*S. H. Terral,* for appellee.

This case should be affirmed. There is no contention that appellee is liable to Robinson for anything or ever was liable to him for any amount. If not liable to Robinson to whom the promise is alleged to have parted with an order, a thing of value, then certainly he is not liable to appellant, an utter stranger. Nor does the case of *Lee* v. *Newman,* 55 Miss. 365, have any application whatever. There it was held that a decree *in personam* could not be rendered against R. S. Newman (page 371), but only a decree against the land to enforce the vendor's lien. Here Moore is trying to recover a judgment *in personam* against Kirkland on a promise the latter is alleged to have made Robinson, a debtor of Moore. If such a promise were made it was without consideration and void and needs no citation of authorities to show that it clearly falls within the statute of frauds.

Potter, J., delivered the opinion of the court.

Appellee sued appellant in a justice of the peace court on open account for one hundred ten dollars and thirteen cents. A judgment was recovered in the justice's court in favor of appellant, who had pleaded an offset of one hundred dollars. The appellee appealed to the circuit court, and a trial *de novo* was had, resulting in a judgment for the appellee for the amount sued for. Appellant thereupon appealed to this court, assigning as error the exclusion of evidence offered to establish his offset of one hundred dollars.

With a view of proving his right to the offset pleaded, appellant offered to show by witnesses that one Kervin Robinson was indebted to appellee to a considerable amount, and also owed appellant one hundred dollars;

that Mr. Kirkland, the appellee, asked Robinson for an
order on B. H. Carter, a commissioner, who had in his
possession about two hundred and sixteen dollars be-
longing to Robinson, to apply on said Robinson's indebt-
edness to him; and that thereupon Robinson stated that
he owed the appellant J. A. Moore one hundred dollars,
and this amount was to be paid out of the funds in the
hands of the commissioner; whereupon Kirkland told
Robinson that if he would give him an order for the
money in question, he would settle the one hundred dol-
lars with Moore; and that thereupon Robinson gave
Kirkland an order for the money in the commissioner's
hands and Kirkland collected the same. The court asked
counsel for appellant if there was an understanding be-
tween Moore and Kirkland as to this transaction, and
counsel answered there was not, except as communicated
to Moore through Robinson.

The court held the testimony offered incompetent be-
cause within the statute of frauds, and upon objection
excluded same and peremptorily instructed the jury to
find for appellee.

In the case of *Lee* v. *Newman,* 55 Miss. 365, the court,
speaking through Judge CHALMERS, said:

"Nor is an obligation to pay the debts of the vendor
to a third person, though in parol, obnoxious to that
provision of the statute of frauds which requires all
undertakings to pay the debts of another to be in writing.
Such assumptions are not within the statute. The con-
tract is, not to pay the debts of another, but to pay the
party's own debt to some person other than his own
creditor. 'It may be stated as a general rule that wher-
ever the main purpose and object of the promisor is, not
to answer for another, but to subserve some purpose of
his own, his promise is not within the statute, although
it may be in form a promise to pay the debt of another,
and although the performance of it may incidentally
have the effect of extinguishing the liability of another.'
3 Pars. on Con. (5th Ed.), 24."

We think it clear, following the reasoning in the above-cited case, that the verbal promise alleged to have been made by Kirkland to Robinson to pay one hundred dollars to Moore was not within the statute of frauds.

But the question is presented as to whether or not Moore has a right to claim this offset in his own name when no promise was made by Kirkland to him. This question has also been settled in this state in the case of *Lee* v. *Newman, supra.* With reference to this question the court in that case said:

"Can the complainant assert, on his own behalf, this undertaking exacted by the vendor from the vendee for his benefit? It has been held from very early times, though not always without question, that where a contract not under seal is made with A. to pay B. a sum of money, B. may maintain an action in his own name; and in America it has been held that such promise is to be deemed made to the third party, if adopted by him, though he was not cognizant of it when made. In law the promise is held to be made to him to whose benefit it inures, and in pleading, it is always sufficient to declare according to the legal effect. The rule is different where the promise is under seal, because there the action must be debt or covenant, and hence must be in the name of the obligee.

"Especially will this right to bring suit in his own name exist, in behalf of him for whose benefit the promise was made, where the consideration of it was money or property simultaneously delivered or sold to the promisor. In such case the property is received under a trust, which will itself form a good consideration, inuring to the benefit of him to whom the payment is due; and, if the purchaser has received credit for the sum thus contracted to be paid to such other person, the law will treat it as money had and received to his use. 1 Chitty's Pl. 5; *Arnold* v. *Lyman,* 17 Mass. 400, 9 Am. Dec. 154; *Hall* v. *Marston,* 17 Mass. 579; 1 Cranch (append.) 429, 2 L. Ed. 164; *Barker* v. *Bucklin,* 2 Denio (N. Y.) 45 (43

Am. Dec. 726); *Hendrick* v. *Lindsay,* 93 U. S. 143, 23 L. Ed. 855; *Lawrence* v. *Fox,* 20 N. Y. 268; 1 Pars. on Con. (5th Ed.), 466-468.''

The court erred in excluding the testimony offered by appellant to establish his offset of one hundred dollars, and in directing a verdict for the plaintiff.

*Reversed and remanded.*