PALMER v. BRIDGES.*

(Division A. May 28, 1928.)

[117 So. 328. No. 27132.]

*Corpus Juris-Cyc. References: Frauds, Statute of, 27CJ, p. 137, n. 31.

*Franklin, Easterling & Fox,* for appellant.

14

*Powell, Harper & Jiggitts,* for appellee.

16

Argued orally by *J. H. Fox,* for appellant, and *A. Y. Harper,* for appellee.

SMITH, C. J. This is an appeal from a judgment sustaining a demurrer to a declaration, and on the plaintiff's declining to plead further, dismissing the cause.

The declaration is in two counts, the first of which alleges, in substance, that Sheridan was the owner of certain land in the city of Jackson and employed Bridges to sell it for him. Bridges sold the land to Palmer on December 10, 1923, under an agreement that Sheridan would make and execute to Palmer a warranty deed thereto. This Sheridan did, thereby obligating himself to pay the state, county, and municipal taxes due on the land for the year 1923.

Palmer paid the purchase money to Bridges under an agreement with Sheridan, assented to by Bridges, that Bridges would pay the taxes due on the land for the year 1923 to the state, county, and city out of the money paid him by Palmer for Sheridan as the purchase price of the land.

Bridges paid the state and county taxes, but failed to pay the taxes due the city, resulting in the sale of the land by the city therefor, and damage to Palmer, the elements of which need not here be set forth, for the recovery of which suit was brought.

The count does not specifically allege that the money paid by Palmer to Bridges was sufficient to pay the taxes due on the land, but does so allege by necessary implication.

The second count of the declaration is, in substance, the same as the first, except that while it alleges the agreement of Sheridan, assented to by Bridges, that the taxes due on the land should be paid by Bridges out of the money paid Bridges for the land by Palmer, it does not allege the payment of this money by Palmer to Bridges, but alleges that "thereafter defendant (Bridges) got into his possession the funds with which to pay said taxes." Under section 4256, Code of 1906 (Hemingway's 1927 Code, section 8189), the taxes due on the land for the year 1923 were debts due by Sheridan to the state, county, and city.

The grounds of the demurrer are (1) Bridges' agreement to pay the taxes due on the land was a promise to answer for the debt, default, or miscarriage of another, to-wit, of Sheridan, the owner of the land when the taxes became due thereon, and which he was under obligation to Palmer to pay because of the warranty in his deed to him; and (2) this promise of Bridges was without consideration.

Had Bridges promised to pay the taxes out of his own funds, the case would be within paragraph (a), section 4775, Code of 1906 (Hemingway's 1927 Code, section 3325), which provides that:

"An action shall not be brought whereby to charge a defendant or other party (a) upon a special promise to answer for the debt or default or miscarriage of another person."

But no such promise was made by Bridges.

The money paid by Palmer to Bridges to cover the purchase price of the land was for the purpose of being applied by Bridges, under Palmer's agreement with Sheridan and Bridges, first to the taxes due on the land,

the remainder to be paid to Sheridan. When Bridges received the money under this agreement he became a trustee thereof, though he himself may have received no benefit therefrom, charged with the duty of applying so much of it as may have been necessary to the payment of the taxes due on the land, to which his promise to Palmer so to apply the money added nothing. Such a promise is not within paragraph (a) section 4775, Code of 1906 (Hemingway's 1927 Code, section 3325), for the rule is that:

"A promise to perform or otherwise to satisfy all or part of a duty of a third person to the promisee is not within class 2 of section 175 (paragraph [a], section 4775, Code of 1906, Hemingway's 1927 Code, section 3325) if, by the terms of the promise when it is made, performance thereof can involve no more than (a) the application of funds or property then or thereafter put in the hands of the promisor for the purpose; or (b) performance of any other duty owing, irrespective of his promise, by the promisor to the promisee." Am. L. Inst. Restatement, Contracts (Tent. No. 4), section 179; 1 Williston on Contracts, section 459; 27 C. J., p. 137, sec-23; 25 R. C. L., p. 504, section 87; Moore v. Kirkland, 112 Miss. 55, 72 So. 855.

The demurrer to the declaration, leaving its second count out of view, should have been overruled.

*Reversed and remanded.*