[Filed January 8, 1888.]

J. W. KREWSON ET AL., RESPONDENTS, *v*. J. S. PURDOM ET AL., APPELLANTS.

WRITING — CONTENTS OF — WHEN PROVEN BY PAROL. — Before oral evidence can be received of the contents of a written instrument, it must be shown to the satisfaction of the trial court that an honest and diligent attempt had been made to obtain the writing itself, and that such attempt was unsuccessful, or proof be made that it had been destroyed.

INSTRUCTION. — The effect of such evidence, improperly admitted, is not cured by an instruction, "that if the contract was in writing, the jury was not at liberty to consider such oral evidence," there being no contention as to the fact of the contract being in writing.

APPEAL—ERROR—EFFECT OF, WHEN NOT MATERIAL.—An error in the admission of evidence that does not effect an injury to the *material* rights of the appellant is not sufficient ground upon which to reverse a judgment.

APPEAL from Douglas County.  Affirmed.

*W. R. Willis, J. C. Fullerton,* and *J. W. Hamilton,* for Respondents.

*Cox, Smith & Teal,* for Appellants.

THAYER, J.—This appeal comes here from a judgment of the Circuit Court for the county of Douglas.  The respondents commenced an action in that court against the appellants, to recover damages for the alleged conversion of five hundred cords of wood, which had been cut and was in the woods where cut, claimed by respondents to belong to them.  The case has been tried three times, and this is the third time it has been appealed to this court.  The first appeal was taken by the now respondents.  The case upon that appeal will be found decided in 11 Or. 266.  The second time it was appealed by these appellants, and the decision therein will be found in 13 Or. 563.  In the latter appeal the facts of the case are pretty fully set out in the opinion delivered.

The complaint in the action is in the usual form adopted in actions for the wrongful conversion of personal property.  The answer contains denials of the material allegations of the complaint, and sets up as an affirmative defense, in effect, that the wood in controversy belonged to Herman and Robert Anlauf, partners, under the firm name of "Anlauf and Brothers," who were called "Aulauf Bros." in the former decisions referred to.  The question as to whom the wood belonged to was the only issue, aside from the traverse.  One Gotardi & Co. claimed to have cut the wood, and to have been the owners thereof, and all the title the respondents had to it they obtained from said last-named company.  The appellants claimed that the wood was cut and owned by one "Maria and Company," from whom Anlauf Bros. claimed title.  Said Anlauf Bros. became insolvent, and I believe their assignee sued out an attachment, which was

placed in the hands of the appellant Purdom, as sheriff of said county, for service, and that through his deputy, the appellant Slocum, he had levied upon the wood as the property of Maria & Co.

The two companies who originally claimed the wood were composed of a number of Italians, consisting in the main of the same persons. In consequence of the difficulty in identifying them, and of ascertaining the true relations of the members of each company to the other, the title to the wood was very much confused. Each company, I judge, got credit upon it, Gotardi & Co. from the respondents, and Maria & Co. from Anlauf Bros., and neither was probably sufficiently honest to tell the truth upon oath. The jury must have found that the wood belonged to Gotardi & Co. originally, and that they sold it to the respondents. The appellants' counsel rely upon only one point on the appeal, they claim that the evidence given by the respondents in regard to the sale of the wood by Gotardi & Co. to them was not the best evidence under the circumstances, and that the Circuit Court erred in not excluding it. It appears from the bill of exceptions that upon the trial of the case the respondents' counsel gave evidence tending to show that Gotardi & Co. contracted for the wood in the tree, cut it, and entered into a contract with the respondents to sell and deliver it to them for $2.50 per cord, delivered upon the railroad track, less stumpage and hauling, if they did not do the hauling; and if they did do the hauling, then only less the stumpage. That respondents had in pursuance of the contract advanced a part of the purchase price. It further appeared from the said evidence, that after the making of the said contract, the parties went upon the ground where the wood had been cut, and where it then was, and that it was thereupon agreed that the delivery of the wood should be made by Gotardi & Co. to respondents there, and was accordingly delivered, and that respondents then marked a portion of it "K. & Co."

Upon a cross-examination of the witnesses from which this evidence was elicited, it was ascertained for the first time that the alleged contract of sale of the wood by Gotardi & Co. to

respondents was in writing. The evidence showed, however, that the writing was lost, mislaid, or destroyed, though it failed to show that respondents had made any effort to find or produce it. Thereupon the appellants' counsel moved the court to strike out the evidence as to the terms of the said contract; but the court overruled the motion, and the counsel excepted to the ruling. This ruling was clearly erroneous. The respondents were not entitled to the benefit of oral proof of the contents of the writing, without first proving that they had used due diligence to find it, and had been unable to find it, or that it was destroyed. Nor was the error cured by the court's charging the jury that if the contract was reduced to writing, they were not at liberty to consider any oral evidence of its terms, and that if any such evidence had been admitted, it should be disregarded by them. The court had no right under the circumstances to refer any such question to the jury; it was addressed to the court, and should have been decided by the court. Besides the alternative portion of the instruction was incorrect under any view. The jury were told, in substance, that if respondents and Gotardi & Co. afterwards verbally changed the terms of the written contract, and the wood was delivered and received under such verbal contract, then this contract could be proven by parol, and the terms of the written contract would be immaterial as between the parties to this action. Had they been told that if Gotardi & Co. delivered the wood to respondents under a verbal agreement, transferring it from the former to the latter, and they found that the wood at the time belonged to the former, the fact of there having been a written agreement entered into between said parties prior to that time would be immaterial, the instructions would have been unobjectionable. But the jury could not have known that the parties "changed" the written contract without first knowing its terms, and they could not have known its terms in the absence of the writing. The court told them they were not at liberty to consider any oral evidence of its terms, if it had been reduced to writing. The instruction taken altogether is clearly inconsistent.

The appellants' counsel had requested the court, prior to the

giving of the said instruction, to instruct the jury, to the effect that if the respondents took and received the wood under an agreement of purchase, and if they believed the agreement was reduced to writing, and it was the only contract which was made by the parties at the time respondents claimed they took possession of the wood, that it was incumbent upon the respondents to produce the agreement, and that they were not at liberty to consider any oral testimony of its contents; and that if they believed that the writing was the only contract which the parties made at the time, there was no evidence before them on which they could find for respondents; which instruction the court refused to give, and the appellants' counsel excepted to the refusal. This instruction, in the main, I believe to be good law; but the question recurs again, what had the jury to do with the matter? It is the court's province to judge of the competency of testimony, and its duty to admit or exclude it. Probably if there had been a conflict in the evidence, as to whether the agreement regarding the purchase of the wood had been reduced to writing or not, it could have been submitted to the jury to find upon that point; but no such conflict seems to have been made in the case, and the court should have disposed of the whole question during the examination of the witnesses at the trial. That the trial court committed error in the matter referred to, there can, it seems to me, be no doubt, and if it affected the substantial rights of the appellants, would be good ground for reversing the judgment appealed from. Whether it did that, however, I have grave doubts. It is not every error committed in the trial of an action that will justify the reversal of the judgment recovered therein. In order to warrant such a determination, it must be a material error. The party against whom it is committed must be prejudiced in consequence of it. An error that could not possibly have injured the party would be no cause for complaint.

The material issue in this case, as before suggested, was who owned the wood in question when cut. If it belonged to Maria & Co., and Anlauf Bros. succeeded to the title to it, then the respondents had no claim upon it, or cause of action, even though

Gotardi & Co. sold it to them and delivered them the possession of it. But on the other hand, if the wood belonged to said Gotardi & Co. in the beginning, and they invested the respondents with the possession of it simply, the latter would have had such a possession as would have entitled them to maintain the action as against mere wrong-doers, who had interfered with it. The appellants occupied that position, if the wood belonged to Gotardi & Co., and not Anlauf Bros. The question of proprietorship of the wood had to be first determined. I mean the original proprietorship as between the parties referred to; and as before observed, the jury must have found for respondents upon that question. That Gotardi & Co. cut and owned the wood, and not Maria & Co. or Anlauf Bros., was the keystone of the respondents' case, and when that was established, it upset any pretended right of the appellants to the wood, or authority to interfere with it. Their defense was then overthrown in the main. They could still question the right of the respondents to maintain the action, but when the latter showed that the wood had been delivered to them by the lawful owners of it, they were entitled to sue a mere intruder for converting it. A lawful possession is sufficient for that purpose as against one having no right. We held that in this case when here the last time before this, and I have no doubt but that it is sound.

The question, then, as to the terms of the sale of the wood from Gotardi & Co. to respondents, or as to whether any such sale, in fact, was made, was not a material issue in the case, provided the respondents were in possession of it under authority from the true owners at the time the appellants took it, and are charged with having converted it. If the error had been of such a character as to have disparaged the title of Anlauf Bros., or to have prevented an inquiry into that of Gotardi & Co., the case would have stood differently. It would then have affected the merits, and have furnished grounds for claiming that it changed the result of the trial; but under the circumstances, no such consequence could possibly have attended it.

There was ample proof aside from the contents of the writing to enable the respondents to maintain the action, in case the fact

existed, that the wood belonged to Gotardi & Co., and which, in view of the verdict of the jury, we must presume did exist.

The judgment appealed from will therefore be affirmed.