Argued 28 October; decided 12 November, 1901.

### BROCK *v.* WEISS.

[66 Pac. 575.]

CUMULATIVE EVIDENCE—HARMLESS ERROR.

1. Where evidence on a collateral matter has been received without objection, and remains uncontradicted, it is harmless error to subsequently admit cumulative evidence on the same subject.

PRESUMPTION AS TO EFFECT OF ERROR.

2. Error will not be presumed to have been harmless, but where all the testimony is brought up and it appears therefrom that appellant has not been injured, the judgment should not be reversed for such error: *Krewson* v. *Purdom,* 15 Or. 589, and *State ex rel.* v. *Kraft,* 18 Or. 550, applied; *Townley* v. *Oregon R. Co.* 33 Or. 323, distinguished.

From Washington: THOS. A. McBRIDE, Judge.

Action by Mary Maggie Halter Brock against John G. Weiss. From a judgment in favor of plaintiff, defendant appeals.                                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. Samuel B. Huston* and *Alfred R. Mendenhall.*

For respondent there was a brief and an oral argument by *Mr. W. N. Barrett.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action upon a promissory note for $300, of date February 25, 1895, due three years after date, alleged to have been made, executed, and delivered by the defendant to one John Brock, and by him assigned and transferred to the plaintiff, for value, before maturity. The answer denies the execution and delivery of the note to Brock and its assignment to plaintiff, and, for a further and separate defense, alleges that on February 25, 1895, the defendant, who was about to depart for Germany on a visit, and desired to make his friend John Brock a present in the event of his death during his absence, executed the note upon which this action is founded, and put it in a sealed envelope at a place known to Brock, with the direction and agreement that, if he should die while on such visit, Brock should open the envelope and its contents should become his property, but, if defendant returned, the gift should be of no effect; that he did return in due time, but during his absence, and without his knowledge or consent, and contrary to the agreement, Brock wrongfully and unlawfully obtained and opened the envelope, took possession of the note, and transferred it to the plaintiff, who is his wife, and who brings this action at his request. The reply puts in issue the new matter alleged in the answer, and avers affirmatively that the note was given by defendant to Brock in payment for services rendered and labor performed by the latter during a period extending from about January 1, 1893, to July 1, 1896,

40 OR.—6.

and that in June, 1896, and before the maturity of the note, Brock, for value, assigned and delivered it to the plaintiff, who is the owner and holder thereof.    The plaintiff had judgment, and defendant appeals.

1.    Upon the trial the plaintiff testified, among other things without objection, that she was married to Brock in January, 1896, and lived with him as his wife until the last of June of that year, when he deserted and abandoned her, since which time he has continued to live separate and apart from her; that before leaving he assigned and transferred to her the note in question for the support of the child which was subsequently born to them, and which she has been supporting since its birth by working out.    The defendant gave testimony tending to support his defense, whereupon the mother of plaintiff, Mrs. Christenz Halter, was called in rebuttal, and testified, among other things, over the objection and exception of defendant, that her daughter had been supporting her child by doing general housework for wages.    The admission of this testimony is the only assignment of error on this appeal.    But it related to a mere collateral matter, and, as already stated, testimony by the plaintiff to the same effect was given as a part of her case in chief without objection by the defendant, either at the time of its admission or at any subsequent stage of the trial, and it was not controverted.    It appeared, therefore, as an uncontradicted fact, from testimony admitted without objection, that the plaintiff supported her child by her own labor; hence the admission of the cumulative testimony of Mrs. Halter, if technical error, was manifestly harmless.    The evidence on this subject was presumably admitted for the purpose of tending to show that the plaintiff had received the note from her husband in good faith, for the support of her child, and that she had kept and performed the agreement under which it was assigned to her.    But, if it was incompetent, its admission was not, under the circumstances, reversible error.

2.    It is true, where error is shown it will not be presumed that it was rendered harmless unless it so appears from the record.    In this case, however, all the testimony given on the

trial is made part of the bill of exceptions, and from its examination we fully concur in the view of the trial court that the verdict ought not to be disturbed on account of the admission of the testimony complained of: *Krewson* v. *Purdom*, 15 Or. 589 (16 Pac. 480); *State ex rel.* v. *Kraft*, 18 Or. 550 (23 Pac. 663); *Townley* v. *Oregon R. Co.* 33 Or. 323 (54 Pac. 150).   It follows that the judgment be affirmed, and it is so ordered.

AFFIRMED.