Argued June 3, decided June 10, 1913.

# JONES v. TELLER.

(133 Pac. 354.)

**Dedication—Streets—Means of Dedication.**

1. A street may be dedicated by parol or by any acts of the owner of land through which it extends, amounting to an estoppel *in pais*.

[As to acts and verbal declarations being sufficient to effect a dedication, see note in 129 Am. St. Rep. 579.]

**Dedication—Streets—Conveyance of Lots.**

2. A dedication of a street indicated by a map may be made by the sale of lots bounded upon the street so as to imply a covenant to the purchaser that the street shall remain open to the public use.

[As to dedications by maps and plats, see note in 10 Am. St. Rep. 189.]

**Dedication—Evidence.**

3. Evidence to establish a parol dedication of a street must unequivocally show a dedicatory intent by the owner by conduct leading purchasers from him to believe that he intended to dedicate the land as a street.

**Evidence—Best Evidence—Copy of Map.**

4. Under L. O. L., Section 712, Subsection 1, permitting a copy of a document to be offered in evidence when the original is in possession of the adverse party and he withholds it, and Subdivision 2 permitting a copy to be introduced when the original cannot be produced with proper diligence without fault of the offering party, a copy of a plat was not admissible in evidence for plaintiff where he made no effort to produce the original, though testifying that he believed it could yet be found at a certain place.

**Dedication—Streets—Conveyance of Lots.**

5. A deed conveying a plat 200 feet square to plaintiff described it as "commencing at the southeast corner of B. Street and Twenty-Eighth Street, * * thence northerly 200 feet to B. Street, thence westerly along the line of B. Street," and the grantor's will referred to the same property as "200 feet square at the corner of B. and Twenty-Eighth Streets." *Held*, that the description in the deed, considered with that in the will, did not show an intention by plaintiff's grantor to dedicate land lying in the line of B. Street, if extended so as to abut the property conveyed as a public street, being merely descriptive of the tract conveyed.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE MCNARY.

This is a suit by Thomas Jones against Anton Teller to enjoin the defendant from erecting a dwelling-house

on ground which the plaintiff claims has been dedicated to the use of the public as a street.

The facts relied upon by plaintiff as constituting such dedication may be summarized briefly as follows: During the month of April, 1907, one Charles Cardinell, now deceased, was the owner of a piece of land 200 feet square, located in the north half of subdivision 5, Bowering tract, in the city of Portland, Oregon, and in addition owned a strip of land 47.5 feet wide immediately north of and contiguous thereto, which was dedicated by said Charles Cardinell as a street to the public use and to the use of the owners of lands in the Bowering tract, which strip would be in Brazee Street if the same were extended east of Twenty-Eighth Street. It is alleged that during the month of April, 1907, Charles Cardinell, for a valuable consideration, conveyed the first-described tract to plaintiff, and represented that said strip of 47.5 feet of land was a public street, and at said time exhibited to plaintiff a blue-print map or plat upon which said tract was included within the lines of a street, the north and south boundaries of which were extensions of the north and south boundaries of Brazee Street easterly through said Bowering tract; and by the terms of said conveyance described said premises as follows: "A piece of ground in tract 5 of the Bowering tract, measuring 200 feet square, commencing at the southeast corner of Brazee Street and Twenty-Eighth Street; thence running southerly along the east line of East Twenty-Eighth Street 200 feet; thence easterly at right angles 200 feet; thence northerly 200 feet to Brazee Street; thence westerly along the line of Brazee Street 200 feet to Twenty-Eighth Street, the place of beginning."

The usual allegations of reliance on said representations and their causative effect of inducements of pur-

chase follow, as well as the allegation that defendant intends to erect a dwelling-house on said tract so dedicated as a street, and which, if permitted, will work irreparable injury to plaintiff, and that he will suffer a pecuniary damage by reason thereof on account of the fact that the property will be less suitable for division and sale in lots in that the most easterly lots would have no outlet upon any public street. Continuing, plaintiff alleges that after the execution of the deed said Charles Cardinell died leaving a will, whereby the north half of said subdivision of tract 5 in the Bowering tract was devised to Charles B. Cardinell, except the premises sold to plaintiff; and in said will express reference is made to the deed in favor of plaintiff in the following words: "Excepting therefrom that part thereof 200 feet square conveyed by me to Thomas Jones"—and elsewhere in said will the testator recites the alienation of said land to plaintiff and employs this description: "200 feet square at the corner of Brazee and Twenty-Eighth Streets, in the City of Portland." It is claimed by the defendant in his answer that he acquired title to the strip of land which plaintiff seeks to have decreed a street, being approximately 47.5 feet in width by 200 feet in length, by mesne conveyances from Charles B. Cardinell, to whom the property had been devised by Charles Cardinell, under the description of the north half of subdivision of tract 5 in Bowering tract, except that portion theretofore conveyed to plaintiff, and that the premises were not dedicated as a public street and have not been used as such. The issues were concluded by a reply, which denied each allegation in defendant's answer. The trial court entered a decree dismissing the suit of plaintiff, from which decree this appeal is taken.                                     AFFIRMED.

For appellant there was a brief, with oral arguments by *Mr. Austin F. Flegel* and *Mr. John W. Reynolds.*

For respondent there was a brief and an oral argument by *Mr. Hayward H. Riddell.*

MR. JUSTICE MCNARY delivered the opinion of the court.

Accurately to comprehend the legal principle involved, we deem it necessary to state that Brazee Street is a thoroughfare running east and west through Brazee Street addition, in Portland, Oregon, having its eastern termination at East Twenty-Seventh Street. That part of subdivision of lot 5 of Bowering tract here concerned lies immediately west of East Twenty-Eighth Street and a little distant from the terminus of Brazee Street. The land in question, being 47.5 feet in width by 200 feet in length, lies in the pathway of Brazee Street if Brazee Street were extended easterly, abuts the north line of the premises owned by plaintiff, and if opened to travel would furnish an outlet upon East Twenty-Eighth Street. The plaintiff rests his claim for relief upon the proposition that the tract of land under consideration is a dedicated street, and in support thereof relies upon the deed he received from Charles Cardinell, the reference made to the property and manner of description contained in the latter's will, a blue-print exhibited to plaintiff at the time of the purchase of the property, and declaration made by the grantor, Charles Cardinell, to his grandson that he had platted the property and caused it to be staked off in lots, and one of similar import made to plaintiff.

1. An unbroken line of cases decided by this court decisively establishes the doctrine that a street may be dedicated by parol or by acts of the owner of the land

through which the street extends, amounting to an estoppel *in pais: Huck* v. *Wakefield,* 58 Or. 549 (115 Pac. 428) ; *Oregon City* v. *Oregon & California R. Co.,* 44 Or. 165 (74 Pac. 924) ; *Morse* v. *Whitcomb,* 54 Or. 412 (102 Pac. 788, 103 Pac. 775, 135 Am. St. Rep. 832) ; *Carter* v. *City of Portland,* 4 Or. 339.

2. In such a case the sale and conveyance of lots so bounded upon a street imply a grant or a covenant to the purchaser that the street indicated shall be and remain open to the use of the public and to the purchaser of the property thereby served.

3. However, the evidence offered to establish a dedication in parol must unequivocally show the dedicatory intent of the owner as expressed in his visible conduct and in such outward manifestations as are sufficient to inculcate the belief in those concerned that the owner intended to dedicate his land to the particular use alleged: *Morse* v. *Whitcomb,* 54 Or., at page 418 (102 Pac. 788, 103 Pac. 775, 135 Am. St. Rep. 832) ; *Lankin* v. *Terwilliger,* 22 Or. 97 (29 Pac. 268) ; *Parrott* v. *Stewart, ante,* p. 254, (132 Pac. 523), decided by this court May 27, 1913.

Entering upon an analysis of the evidence offered by plaintiff to establish a dedication of the street, we are compelled at the outset to dismiss from a consideration of this case all reference to the map or blue-print introduced in evidence other than the simple evidentiary fact which arises from the statement of the witness that a map or blue-print of the premises had been made by Charles Cardinell. Plaintiff in his own behalf gave voice to the only testimony adduced concerning the map in answer to the question whether Charles Cardinell had a map or blue-print of the ground at the time of its acquirement by plaintiff: "Yes, he had a blue-print map, something like that; and he said, 'Eva, bring out those maps.' He had quite a lot of them

in the drawer there.   He says, 'Bring out those maps, and we will point out to Mr. Jones where Brazee Street runs along, and he can go out and measure the place off himself'; so the map was produced, and I believe it is in his residence now.   I don't think they have ever taken any of those effects away.   I believe the map could be found there yet; but, however, it was shown distinctly on that map, Brazee Street, passing through the Bowering tract to Fernwood tract."

4. Objection was made by counsel for the defendant to the admission of the testimony, but it was overruled by the court.   Subdivisions 1 and 2 of Section 712, L. O. L., provide: "(1) When the original is in the possession of the party against whom the evidence is offered, and he withholds it under the circumstances mentioned in Section 782; (2) when the original cannot be produced by the party by whom the evidence is offered, in a reasonable time, with proper diligence, and its absence is not owing to his neglect or default."

Unless a legally sufficient reason is shown for not so doing, proof of the contents of a document must be made by producing the document itself.   The record disclosed by this case indicates no effort was made to produce the original map or plat, although the plaintiff testified he believed "the map could be found there yet," meaning the home of the decedent grantor, Charles Cardinell.   This court has repeatedly held, in response to Section 712, L. O. L., that, before a party can give secondary evidence of the contents of a writing, he must show that he cannot produce the original in a reasonable time by the exercise of reasonable diligence: *Wiseman* v. *N. P. R. R. Co.*, 20 Or. 425 (26 Pac. 272, 23 Am. St. Rep. 135); *Bowick* v. *Miller*, 21 Or. 25 (26 Pac. 861); *Krewson* v. *Purdom*, 15 Or. 589 (16 Pac. 480); *Harmon* v. *Decker*, 41 Or. 598 (68 Pac. 11, 1111, 93 Am. St. Rep. 748); *Price* v. *Wolfer*, 33 Or.

15 (52 Pac. 759); *Hicklin* v. *McClear,* 18 Or. 137 (22 Pac. 1057); *Reimers* v. *Pierson,* 58 Or. 86 (113 Pac. 436).

5. Counsel for plaintiff contend with much force that the intent to dedicate the strip of land in controversy is found in the language contained in the deed from Charles Cardinell to plaintiff and in the words employed in the last will of said Cardinell. We shall treat the two instruments together as they invoke the same character of reasoning. In the deed conveying the plot of ground 200 feet square to plaintiff, the property is described as: "Commencing at the southeast corner of Brazee Street and Twenty-Eighth Street; * * thence northerly 200 feet to Brazee Street; thence westerly along the line of Brazee Street. * * " The will refers to the same property as: "200 feet square at the corner of Brazee and Twenty-Eighth Streets." In fact, each deed, forming the link in the title held by defendant, repeats the description of plaintiff's land with its reference to Brazee Street as a descriptive point. It is to be noted that nowhere in the deed nor in the will can be found a specific covenant or statement as to the existence of the street. The only reference to the street is for the purpose of the description, with no intention upon the part of the grantor, Charles Cardinell, of conferring upon plaintiff, as appurtenant to the premises, the right to the use of the land as a street. In *Lankin* v. *Terwilliger,* 22 Or. 97 (29 Pac. 268), a case of much analogy, Mr. Justice BEAN stated: "The question in all such cases is whether the road or way is intended as the boundary of the granted premises. Where the land is conveyed by a certain and definite description, as by metes and bounds, the fact that the boundary as described in the conveyance may be coincident with the line of the way does not of itself raise the implication that

such way was intended as the actual boundary or confer upon the grantee the right to use such way as appurtenant to the granted premises, but it must appear from the conveyance, either directly or by fair inference, that it was intended to bound the land by the road or way'': *King* v. *Mayor,* 102 N. Y. 171 (6 N. E. 395); *Atwood* v. *O'Brien,* 80 Me. 447 (15 Atl. 44); *Parsons* v. *Johnson,* 68 N. Y. 62 (23 Am. Rep. 149). The evident intention of Charles Cardinell, as revealed by the documentary evidence, was to convey to plaintiff a tract of land 200 feet square without reference to Brazee Street as an easement appurtenant to the land transferred to plaintiff, as the land is definitely described by metes and bounds, and Brazee Street is made mention of only as a means of description; that is, to make certain the beginning point, and then to describe the northerly and westerly courses of the land conveyed.

In negativing an intention upon the part of Charles Cardinell to dedicate a street, we deem it worthy to recall that, in the will devising the north half of subdivision of tract 5 of the Bowering tract to Charles B. Cardinell, which includes the strip desired to be decreed a thoroughfare, no mention is made of Brazee Street other than as a matter of description in the clause referring to plaintiff's property. This we believe significant as an outward manifestation on the part of the testator that he referred to Brazee Street as a convenient descriptive monument rather than as an actual boundary of the land purchased by plaintiff. Nowhere does the record disclose that anyone has ever treated the land as a street. On the contrary, it has been fenced and made to serve the private uses of plaintiff continuously since the execution of the deed to him.

In view of the facts and the record presented by plaintiff, we feel the testimony insufficient to disturb the decree of the lower court, and therefore affirm the same.        AFFIRMED.