Argued July 17, affirmed November 5, petition for rehearing
denied December 8, 1970

MILLER, *Appellant, v.* ROY W. HEINRICH
& CO., INC. ET AL, *Respondents.*

476 P2d 183

*James K. Gardner*, Hillsboro, argued the cause and filed the brief for appellant.

*Thomas J. Moore*, Hillsboro, argued the cause for respondent Roy W. Heinrich & Co., Inc. With him on the brief were Brink & Moore, Hillsboro.

Before O'CONNELL, Chief Justice, SLOAN,* HOLMAN and HOWELL, Justices.

HOWELL, J.

Plaintiff filed this suit for a declaratory judgment seeking to establish that a strip of land had become a public street by implied dedication. Plaintiff appeals from a decree in favor of the defendants.

The property involved in this case was owned by Florence Tongue Munger and other members of her family. In 1909 they had a survey conducted and the property platted for the purpose of selling lots. The proposed plat was not approved by the city or the county because of conflicts with another subdivision.

The plat included a street called Broadway which was 60 feet wide and approximately 400 feet long. In September 1915 Florence Tongue Munger conveyed a

---

* Sloan, J., resigned September 30, 1970.

portion of the real property included in the plat to Fred Warner. The property was described by metes and bounds and included the west one-half of what would have been Broadway Street. In April 1945 a portion of the above property including the west 30 feet of the street was conveyed to William Heinrich, using a metes and bounds description. In July 1964 William Heinrich conveyed to defendant Roy W. Heinrich & Co., Inc., by a metes and bounds description, what would have been lots 17 and 45 on the unrecorded plat and including also the west one-half of Broadway Street. The lots adjoin Broadway Street on the westerly side. On August 31, 1967, the defendant Heinrich acquired from Florence Tongue Munger the 30-foot strip of land which was the east one-half of what would have been Broadway Street, thereby giving defendant Heinrich the record title to the entire 60 foot strip.

In June 1946 the plaintiff, by a metes and bounds description, acquired title to lot 16 according to the unrecorded plat. Lot 16 adjoins Broadway Street on the east.

The plaintiff contends that the conveyance on August 31, 1967, of the east 30 feet of the strip to defendant Heinrich is a nullity because the legal effect of the prior conveyance of lot 16 was to convey to plaintiff not only the property but also title to the 30-foot strip which would be to the middle of the street. In support of this position the plaintiff cites the general rule that where land has been dedicated to use as a public street, the fee in the street remains in the dedicator subject to the public easement. When the dedicator sells the land abutting the street, the abutting owners own to the center of the street subject to the public easement. Upon a vacation of the street, the title reverts to the

abutting owners free of the easement. *Portland Baseball Club v. Portland*, 142 Or 13, 18 P2d 811 (1933); *Kurtz v. Southern Pacific Co.*, 80 Or 213, 155 P 367 (1916); *John P. Sharkey Co. v. Portland*, 58 Or 353, 106 P 331, 114 P 933 (1911); *Huddleston v. City of Eugene*, 34 Or 343, 55 P 868 (1899).

■ In order to invoke the above rule the plaintiff is obliged to prove an implied or common law dedication of the street because the plat was not recorded nor was it approved by the city or the county.

■ To constitute a valid dedication the burden of proof is upon the party asserting the dedication to establish an intent, clearly and unequivocally manifested, on the part of the owner to devote the property to public use. *Security & Inv. Co. v. Oregon City*, 161 Or 421, 432, 433, 90 P2d 467 (1939); *Jones v. Teller*, 65 Or 328, 332, 133 P 354 (1913).

■ In cases where the party asserting the dedication relies upon an implied dedication, the sale and conveyance of lots with reference to the plat represent a dedicatory intention as to the streets indicated in the plat. *McCoy v. Thompson*, 84 Or 141, 150, 164 P 589 (1917); *Jones v. Teller, supra*, at p 334; 11 McQuillin, Municipal Corporations (3rd Ed 1964), p 704.

The record shows only three sales by Florence Tongue Munger. The first sale in 1915 to Fred Warner used only a metes and bounds description of the property. A second sale occurred in 1945 when Mrs. Munger sold a portion of the property to General Foods Corporation. The deed described the property by metes and bounds and also referred to the property as being known as various lots in "Tongue's Unrecorded Addition to the City of Hillsboro." The third sale in 1967

conveyed the 30-foot strip to defendant Heinrich by metes and bounds.

There is no evidence that Fred Warner, who purchased a portion of the property in 1915, or General Foods, who purchased another portion in 1945, saw or relied upon the plat.

The evidence also disclosed that a map in the possession of the title company referred to the property as "Tongue's Unrecorded Addition"; that copies of the plat or maps found their way into the county tax department and the county surveyor's office and that on at least one of the maps Broadway Street was designated as 312th Street. The plaintiff saw some of these maps when she purchased the property in 1946. The strip was not assessed by the tax department, for some unknown reason, until 1967, following a re-appraisal program by the county.

■ The record does not show the necessary clear and unequivocal intent to devote the property to public use. The plat was not approved by the public authorities. The three sales from Florence Tongue Munger described the property by metes and bounds and there was no evidence that the purchasers saw or relied on the plat. The record does not show the conveyance from Florence Tongue Munger to plaintiff's predecessor so it is impossible to determine whether such conveyance used a metes and bounds description or described the property by reference to the lots. After the city rejected the plat, Mrs. Munger made no further effort to record or file the plat and "just sold [the land] off piecemeal."

Moreover, there was no evidence that the strip of land was ever improved as a street. On the contrary,

the evidence disclosed that the strip was in grass and weeds and that later a garden was planted. The plaintiff used a portion of it for access to her property. The fact that the strip was not assessed by the county is not persuasive. The failure to assess was not explained, and it could have been that the tax department overlooked placing the strip on the assessment rolls.

The decree of the trial court is affirmed.