Argued October 29, 1973, affirmed January 31, 1974

# MID-COUNTY CEMETERY DISTRICT,
*Respondent, v.* THOMASON ET UX,
*Appellants.*
518 P2d 174

*Claud A. Ingram* of Ingram & Schmauder, John Day, argued the cause and filed briefs for appellants.

*Wendell Gronso* of Cramer, Gronso & Pinkerton, Burns, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

McALLISTER, J.

This is a suit in equity brought by Mid-County Cemetery District, a municipal corporation, to enjoin the defendants from interfering with the use by the public (including plaintiff) of a roadway known as Patterson Drive, which, plaintiff alleges and defendants deny, is a dedicated street of the city of Canyon City. The trial court entered a decree for the plaintiff, from which this appeal was taken.

Plaintiff claims dedication of Patterson Drive by implication and the evidence was directed mainly to that issue. Plaintiff's particular interest lies in the fact that a cemetery owned and maintained by it is at the northerly end of Patterson Drive, and this roadway is the only means of access by automobile to the cemetery.

Canyon City was incorporated in 1891 by legislative act, Or L 1891, p 525. On February 4, 1896, the United States Government by patent granted to the city 40 acres of land.

Under date of March 4, 1970, Canyon City, by bargain and sale deed, granted to the defendants land comprising approximately 11.59 acres, a part of such 40 acres. Patterson Drive traverses the land so granted.

The cemetery above referred to was in existence at least as far back as 1868. In the record it is at times called the "Catholic Cemetery". On May 8, 1970, it was conveyed to plaintiff by the Roman Catholic Bishop of Baker, a corporation sole.

A witness testified that in the late 1920's he went to the cemetery by way of Patterson Drive to attend a funeral, and that Patterson Drive has been used by the general public ever since that time up to the time of the trial in 1973, except for obstructions to vehicular traffic placed on the drive by the defendants during the year 1972.

In January and February 1961, the city council undertook a project for the numbering of houses and the naming of streets. The minutes of the council meeting of January 3, 1962, show the following:

> "Harold Patterson was present and displayed a city map to show the Council the streets that had no name or needed name changes before the house numbering project can go ahead. These changes will need to be written up as an ordinance and the proper procedure followed in acquainting the public with the contemplated changes.
>
> \* \* \* \* \*
>
> 6. The street that connects Main Street with the Catholic Cemetery will be known as Patterson Drive."

On April 3, 1963, the city council adopted Ordinance No. 138, entitled "An Ordinance Naming the Streets" and reading in part as follows:

> "Section 1. The streets of the Town of Canyon

City, Oregon, shall hereafter be known by the names
they bear on the attached map which is made a part
of this ordinance by reference."

Among the streets shown on the "attached map" is
Patterson Drive, extending from East Main Street to
the "Catholic Cemetery".

At the south end of Patterson Drive, where it
joins Church Street, are street signs, one bearing the
name Patterson Drive and the other the name Church
Street. They were erected about 1967 or 1968 and are
the same type of sign as those placed by the city on its
other streets at the same time.

A photograph in evidence shows, as the trial judge
found, "Patterson Drive to be a well-marked one-lane
gravel road."

The foregoing is the substance of the evidence
relied on by the plaintiff to show dedication of Patter-
son Drive by implication.

In response the defendants rely upon the follow-
ing facts in evidence: The bargain and sale deed from
the city to the defendants conveying the 11.59 acres
over which Patterson Drive passes does not reserve
the street. The deed refers to the land conveyed "as
being property identified in the Grant County Asses-
sor's records as account: 13 31 35 1000 Code 3-2, con-
sisting of approximately 11.59 acres." A copy of Grant
County's assessor's map which shows the property in
question does not show the street.

In March 1971, plaintiff commenced an action in
the circuit court of Grant County against the present
defendants to condemn a roadway to the cemetery over
the 11.59 acres (the record contains nothing further

about this action; the present suit was commenced on August 25, 1972).

The defendant James W. Thomason testified that on one occasion he requested the city to do some maintenance work on the road, but his request was refused (the reason for the refusal does not appear).

■ The power of a municipal corporation, unless specifically restricted, to make a dedication of its property by implication is not disputed. See *City of Oakland v. Burns,* 46 Cal 2d 401, 407, 296 P2d 333 (1956); *City and County of Denver v. Publix Cab Company,* 135 Colo 132, 308 P2d 1016, 1019-1020 (1957); 11 McQuillin, Municipal Corporations (3d ed rev) 664, § 33.14.

■ The parties are also agreed that the burden of proof is on the plaintiff to establish an intent clearly and unequivocally manifested on the part of the owner to devote the property to the use asserted. *Miller v. Roy W. Heinrich & Co.,* 257 Or 155, 158, 476 P2d 183 (1970), and Oregon cases there cited. Defendants argue that plaintiff's evidence at best is conjectural. We do not agree.

As stated in McQuillin op. cit. 701, § 33.30:

"* * * where the public has used the land for a public purpose for a long time, with the knowledge of the owner and without objection from him, an intent to dedicate will generally be presumed. * * *"

■ The public use of the roadway for at least 40 years was proved without contradiction and could not have been unknown to the city of Canyon City. No doubt the ordinance designating Patterson Drive a city street is not sufficient in and of itself to prove dedication, but it is assuredly recognition by the city of the status Patterson Drive had achieved. The Pat-

terson Drive street sign was erected at the same time that signs marking the other city streets were erected and it is a fair inference in view of the ordinance that it was done by authority of the city council. The failure of the city to reserve the street in the deed to the defendants is some evidence against the claim of the plaintiff, but it is not sufficient to overcome the evidence in plaintiff's favor. The deed was not one of general warranty, but only a bargain and sale deed. If Patterson Drive was a city street Canyon City did not have the power to convey it away to a private individual. It continued to be a street until the public ceased to use it or action of the city in formally closing it. 39 Am Jur 2d 512, 513, Highways, Streets and Bridges § 139. Cf. *City of Molalla v. Coover,* 192 Or 233, 252, 235 P2d 142 (1951); *Cabell et al v. City of Cottage Grove,* 170 Or 256, 130 P2d 1013 (1942).

The other evidence relied on by the defendants is of similar character. In *Miller v. Roy W. Heinrich & Co.,* supra, 257 Or at 160, we held that failure of the county assessor to assess the property involved for taxation was not persuasive evidence of dedication. Similarly, the inference to be drawn from the assessor's map that the property was assessed for taxation is entitled to little weight against the claim of dedication here. Incidentally, there is no direct evidence on the question whether Patterson Drive was at any time in fact assessed for taxation. The adoption of the assessor's records by the city in its deed to the defendants was evidently a measure of convenience, which avoided the trouble and expense of a metes and bounds description. There is nothing in the record to indicate that in that transaction the city officials put their minds to the status of Patterson Drive. It was a small trans-

action in terms of money—the consideration paid by the defendants was $173.85.

The condemnation action commenced by the plaintiff would seem to indicate that at the time of its commencement plaintiff either thought that Patterson Drive was not a city street or that it could not successfully maintain a suit to prove dedication by implication. Later, plaintiff apparently changed its mind and brought this suit. Whatever weight as evidence against plaintiff this circumstance may have, it may be said to be counter-balanced by defendant James W. Thomason's testimony that he owned property adjoining the 11.59 acres he bought from the city and lived on it for nine and a half years, that during that whole period he traveled Patterson Drive regularly, and that he requested the city to do some maintenance on Patterson Drive, but the request was refused. As above stated, the record does not show the reason for the refusal, which was not necessarily that Patterson Drive was not a city street; but the making of the request by Thomason is evidence that *he* considered Patterson Drive to be a city street.

██ Finally, defendants contend that the charter of Canyon City, which provides a method for dedicating city streets (§§ 17 thru 23) is exclusive and, in effect, abolishes common law dedication. Common law dedication may be either express or implied, *McCoy v. Thompson,* 84 Or 141, 147, 164 P 589 (1917), and the general rule is as stated in McQuillin op. cit. 636, § 33.04:

> "Statutory dedications are those made pursuant to the provisions of the statute, but they are not exclusive of the common-law method. * * *".

Ample support for this statement is found in the decisions of the courts. See: McQuillin op. cit. 636, citing

*Denver v. Publix Cab Co.,* supra; *City of Elsa v. Weaver* (Tex Civ App) 304 SW2d 212 (1957); *Galewski v. Noe,* 266 Wis 7, 62 NW2d 703 (1954); *East Birmingham Realty Co. v. Birmingham Machine & Foundry Co.,* 160 Ala 461, 49 So 448 (1909); *Cole v. Minn. Loan & Trust Co.,* 17 ND 409, 117 NW 354 (1908). The only decision to the contrary which we have seen is the *City of Oakland* case, relied on by the defendants. Like the Supreme Court of Colorado in the similar case of *City and County of Denver,* supra, we are not persuaded by the California case. This is not to say that the legislature is without power to regulate a city's power to dispose of property owned by it, but it seems to us that the reasons adduced by the California court for its interpretation of the Oakland City Charter are inadequate to justify that court's departure from the general rule.[①] We hold, therefore, that the Canyon City Charter provisions in question are not exclusive of common law dedication, either of the municipality's own property, or of property privately owned.

The decree is affirmed.

---

[①] The court quoted the following provision of the Oakland City Charter:

"Sec. 218. Whenever the Board shall determine that it is necessary to open, close, improve, alter or vacate a public street, or part of a public street within the 'Port Area,' a certified copy of the resolution so determining such necessity shall be filed by the Board in the office of the City Clerk, whereupon the City Manager and the City Council shall initiate and carry to completion the proceedings necessary to effect said proposal." 296 P2d at 336.

The court said:

"The word 'whenever' indicates that the mode prescribed is exclusive, while the repeated use of the word 'shall' in describing the procedure shows that such method is mandatory." *Id.*

The words "whenever" and "shall" are also used in the somewhat similar provisions of sections 17 and 18 of the Canyon City Charter.